

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

SUFFOLK, SS.                                                    Civil Action No.

                                                                19-1961 H

EILEEN TAYLOR,                      )
on behalf of herself and all        )
others similarly situated,          )
                                    )
        Plaintiff                   )
                                    )
v.                                  )
                                    )
NAPHCARE, INC.,                     )
                                    )
        Defendant                   )

## COMPLAINT AND JURY DEMAND

### Introduction

1. This action is brought by an hourly worker of the Defendant, on behalf of herself and all similarly-situated workers, alleging unlawful failure to pay wages in violation of M.G.L. c. 149, § 148. Plaintiff seeks, among other forms of relief, statutory trebling of damages, interest, and attorneys' fees and costs, as provided for by law.

### Parties

2. Plaintiff Eileen Taylor is an adult resident of Merrimack, Massachusetts. She was employed by Defendant as a physician assistant at the Essex County Jail & House of Correction in Middleton, Massachusetts from in or around September 2016 until in or around June 2018.

3. Defendant Naphcare, Inc. is a foreign corporation that has done business and does business in Massachusetts, including in Essex County and Suffolk County, Massachusetts.

## Factual Allegations

4. Plaintiff worked as a physician assistant for the Defendant. Her assigned work site was the Essex County Jail & House of Correction ("Jail") in Middleton, Massachusetts, where she began working in or around September 2016. Following a medical leave, her contract ultimately was terminated effective June 2018.

5. Plaintiff and other staff of the Defendant were paid on an hourly basis.

6. The Defendant's staff generally were assigned to three shifts: the day shift (7:00 a.m. – 3:00 p.m.), the evening shift (3:00 p.m. – 11:00 p.m.), and the night shift (11:00 p.m. – 7:00 a.m.).

7. When the Defendant's staff arrived at the Jail, which was their prescribed work site, they passed through an initial security check point, and then clocked in at a time clock ("First Time Clock").

8. The Defendant's staff were required by Naphcare to comply with all rules, regulations, procedures, and directives of the Jail.

9. After clocking in at the First Time Clock, the Defendant's staff then had to pass through additional "sally ports." Sally ports are control points where Jail staff can monitor and control the flow of people. The sally ports are busy during shift changes, because many people are finishing or beginning their shifts at the same time. In addition, on occasions when there was a safety or security incident – such as a fight – staff might be held at the sally ports until the matter is resolved. As a result, it can take the Defendant's staff around 15-30 minutes, and sometimes longer, to pass through all required sally ports.

10. When the Defendant's staff arrived at the Jail's infirmary, they clocked in at a separate time clock ("Second Time Clock"), which is when they began to get paid.

11. The Defendant's staff were required to perform duties throughout the Jail, both in the infirmary and outside the infirmary. Indeed, Plaintiff's duties and responsibilities included, for example, "respond to and initiate care for medical emergencies throughout the facility" and "perform initial and follow-up assessments of patients in a variety of settings, such as initial intake area, healthcare unit for sick call, emergency situations in housing, chronic care clinics, and infirmary."

12. Under Massachusetts law, "working time" includes, among other things, "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site or at any other location." 454 CMR 27.02.

13. The Defendant's staff were required to be at the Jail, which is their prescribed work site. They were not paid for all time spent at that site, however, including (a) the time at the beginning of their shift between clocking in at the First Time Clock and clocking in at the Second Time Clock, and (b) the time at the end of their shift between clocking out at the Second Time Clock and clocking out at the First Time Clock. On information and belief, the amount of unpaid working time for each of the Defendant's staff commonly totaled around 20-60 minutes per person per day, and sometimes more.

14. Plaintiff has filed a complaint with the Massachusetts Attorney General's Office and has received permission to bring this case.

### Allegations as to Class

15. Plaintiff seeks to certify a class of all hourly staff of the Defendant who worked at the Jail during the relevant limitations period.

16. On information and belief, the class is so numerous that joinder of all members is impracticable.

17. Given that the pay practices described above were followed by the Defendant on a regular basis for all hourly staff at the Jail, there are questions of fact and law common to all members of each class.

18. Plaintiff's claims are typical of the claims of individuals in the class.

19. Plaintiff and her counsel will fairly and adequately represent the interests of the class. Plaintiff has no known conflicts of interest with other class members. The attorneys representing Plaintiff have litigated and successfully resolved numerous class action cases involving employment claims.

20. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members. Although the amount of each class member's damages may vary depending on their periods of employment, those damages should be readily ascertainable from available records. As a result, common issues of liability predominate over individualized issues of damages.

21. A class action is superior to other available methods for the fair and efficient adjudication of these claims. Among other things, individual adjudications would result in a highly inefficient duplication of discovery, briefing of legal issues, and court proceedings.

## COUNT I
### FAILURE TO PAY WAGES – MASSACHUSETTS LAW
(Class Action)

As set forth above, Defendant violated M.G.L. c. 149, § 148, by failing to pay on a timely basis all wages due to Plaintiff and other hourly workers. This is claim is brought pursuant to M.G.L. c. 149, § 150.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Mass. R. Civ. P. 23;

2. An award of damages for all wages and other losses to which Plaintiff and all class members are entitled, including mandatory treble damages under Massachusetts law;

3. Attorneys' fees, costs, and pre- and post-judgment interest; and

4. Any other relief to which Plaintiff and all class members may be entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

EILEEN TAYLOR, on behalf of herself and all others similarly situated,

By her attorneys,

/s/ Stephen S. Churchill

Stephen S. Churchill (BBO#564158)
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-6230
steve@fairworklaw.com

John W. Davis (BBO #648399)
Davis & Davis, P.C.
350 Park Street
Park Place South, Ste. 105
North Reading, Massachusetts 01864
(978) 276-0777
jdavis@davisanddavispc.com

Dated: June 19, 2019

**COMMONWEALTH OF MASSACHUSETTS**
**SUPERIOR COURT DEPARTMENT**

SUFFOLK, SS.

EILEEN TAYLOR,
on behalf of herself and all others similarly situated,
               Plaintiff,

v.                                    CIVIL ACTION NO. 19-1961H

NAPHCARE, INC.
               Defendant.

## ANSWER

Defendant NaphCare, Inc. hereby answers the putative class action complaint filed by Eileen Taylor.

### Introduction[1]

1. NaphCare admits that it previously employed Ms. Taylor as an hourly worker, denies that other hourly workers are similarly situated, and denies that Ms. Taylor has adequately alleged any claim, cause of action, or entitlement to relief. The allegations of Ms. Taylor's Complaint otherwise speak for themselves and are responded to below.

### Parties

2. NaphCare admits that Ms. Taylor was previously employed as a physician assistant treating patients detained at the Essex County Jail & House of Corrections in Middleton, Massachusetts ("Jail") from September 19, 2016 until June 2018. Upon information and belief, NaphCare admits that Ms. Taylor is a citizen of Massachusetts, but NaphCare is without sufficient

---

[1] This and all other headings from the Plaintiffs' Complaint are included here for ease of reference.

knowledge or information to form a belief about the truth of the allegation in paragraph 2 of Ms. Taylor's town of residence and on that basis denies that allegation. NaphCare denies the remaining allegations of paragraph 2.

3. NaphCare admits that it is a foreign corporation that has done business in Essex County, Massachusetts and does business in Suffolk County, Massachusetts. NaphCare denies the remaining allegations of paragraph 3.

**Factual Allegations**

4. NaphCare admits that it previously employed Ms. Taylor as a physician assistant treating patients detained at the Jail from September 19, 2016 until June 2018. NaphCare also admits that Ms. Taylor took a medical leave before her employment with NaphCare ended. NaphCare denies the remaining allegations of paragraph 4.

5. Admitted.

6. Admitted.

7. NaphCare admits that the Jail requires everyone entering the facility to pass through an initial security check point. NaphCare further admits that the Jail, not NaphCare, uses a finger print scanner at the initial security check point to record the presence of anyone who regularly enters the facility, which included NaphCare employees. NaphCare denies the remaining allegations of paragraph 7.

8. NaphCare admits that its employees were subject to Jail policies and procedures while on the Jail premises.

9. NaphCare admits that the Jail uses sally ports to control and monitor the facility, that its employees had to pass through these sally ports at various times, and that custody officials at the Jail could hold individuals in a sally port if needed for the safety and security of the Jail.

NaphCare denies that shift change times for NaphCare employees necessarily corresponded to other shift changes or "busy" shift change times, denies that NaphCare employees were necessarily held at sally ports while safety or security incidents were resolved, and denies that it took 15-30 minutes to pass through sally ports necessarily or characteristically, if ever. NaphCare denies the remaining allegations of paragraph 9.

10. NaphCare admits that when its employees arrived at the Jail's infirmary, they clocked in on a NaphCare computer and began their workday, and that they were paid for time after clocking in on a NaphCare computer. NaphCare denies the remaining allegations of paragraph 10.

11. NaphCare admits the allegations of paragraph 11 only as to the time between when its employees clocked in and clocked out on NaphCare computers. NaphCare denies the remaining allegations of paragraph 11.

12. 454 CMR 27.02 speaks for itself. Therefore, the allegations of paragraph 12 require no response from NaphCare.

13. Denied.

14. NaphCare is without sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 14 and on that basis denies these allegations.

### Allegations as to Class

15. The allegations of paragraph 15 speak for themselves. Therefore, they require no response from NaphCare.

16. Denied.

17. Denied.

18. Denied.

3

19. NaphCare is without sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 19 and on that basis denies these allegations.

20. Denied.

21. Denied.

## Count I
### Failure to Pay Wages-Massachusetts Law
### (Class Action)

NaphCare denies the allegations of the first sentence of the paragraph in the Complaint beginning with "As set forth above . . . ." The second sentence of the paragraph in the Complaint beginning with "As set forth above . . . ." states a conclusion of law to which no response is required, and NaphCare denies that Ms. Taylor has pleaded any proper or adequate claim.

NaphCare denies all factual allegations in the "Wherefore" paragraph, denies that class certification is appropriate, and denies that the Plaintiff or any of the purported members of the putative class are entitled to any relief whatsoever.

## AFFIRMATIVE OR ADDITIONAL DEFENSES

Without conceding that it has any particular burden of pleading, production, or proof, or the jurisdiction of this Court, NaphCare asserts the following additional defenses and reserves the right to raise additional defenses as warranted by further investigation and discovery in this case.

1. The Plaintiff's claims, and the claims of the purported members of the putative class defined in the Complaint, are barred in whole or in part for failure to state a cause of action upon which relief may be granted.

2. The Plaintiff's claims and the claims of the purported members of the putative class are barred in whole or in part by the applicable statutes of limitations.

3. The Plaintiff and/or purported members of the putative class lack standing.

4. Plaintiff's claims and the claims of the purported members of the putative class are barred in whole or in part by the doctrine of *de minimis non curet lex*.

5. The claims of the Plaintiff and/or purported members of the putative class are barred, in whole or in part, by their failure to take reasonable actions to avoid and/or minimize the harm the Plaintiff and the purported members of the putative class claim to have sustained.

6. The Plaintiff's claims and the claims of the purported members of the putative class are barred by their failure to exhaust their administrative remedies.

7. The Plaintiff's claims and the claims of the purported members of the putative class are barred by the doctrines of estoppel, laches, unclean hands, *in pari delictro*, ratification, release, consent, acquiescence, waiver, and other, similar doctrines, or because such claims have been discharged and/or abandoned.

8. The Plaintiff's claims and the claims of the purported members of the putative class are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, claim preclusions, and/or issue preclusion.

9. The Plaintiff's claims and the claims of the purported members of the putative class are barred to the extent the Defendant has been unduly prejudiced by their failure to diligently pursue their claims against it.

10. The Plaintiff's claims and the claims of the purported members of the putative class are barred by the doctrines of accord and satisfaction, estoppel, laches, waiver, setoff, and payment.

11. The Plaintiff's claims and the claims of the purported members of the putative class are barred in whole or in part because no action of the Defendant proximately caused any injury or damage allegedly suffered by the Plaintiff or any member of the putative class.

12. The Plaintiff's claims and the claims of the purported members of the putative class are barred in whole or in part because the claimed injuries and damages were not proximately caused by, or did not have any causal connection with, any acts or omissions of the Defendant.

13. The Plaintiff's claims and the claims of the purported members of the putative class are barred, in whole or in part, as a result of the acts of third parties over whom the Defendant had no control.

14. The Plaintiff's claims and the claims of the purported members of the putative class are barred in whole or in part as a result of the non-joinder of necessary and indispensable parties. In addition, the Plaintiff's claims and the claims of the purported members of the putative class are barred because said claims seek to impose duties on and/or affect the rights of absent third parties, which is contrary to law and in violation of the Constitutions of the United States and the Commonwealth of Massachusetts.

15. The Defendant denies that it is liable for any wrongful conduct giving rise to a cause of action in favor of the Plaintiff or any purported member of the putative class.

16. The Plaintiff's claims and the claims of the purported members of the putative class are barred in their entirety because the alleged injuries, if any, were the result of actions of the Plaintiff, purported members of the putative class, or parties other than NaphCare. In the alternative, to the extent persons or entities other than NaphCare are at least partially at fault with respect to the matters complained of, although no fault of NaphCare or any other person or entity is admitted hereby or herein, any recovery by the Plaintiff or the purported members of the putative class, should be reduced by the proportion of such damages, if any, caused by such other persons or entities.

17. The Plaintiff's claims and the claims of the purported members of the putative class against the Defendant should be dismissed, in whole or in part, because the Defendant has complied with all applicable statutes and regulations, including M.G. L. c. 149, § 148.

18. The Plaintiff's claims and the claims of the purported members of the putative class against the Defendant should be dismissed, in whole or in part, because at all times, the Defendant conducted itself with a good faith and reasonable belief, including without limitation reliance on Massachusetts case law, written administrative regulations, orders, rulings, guidelines, approvals, interpretations, practices, enforcement policies of government agencies, and interpretive guidance from the Attorney General, that its actions did not violate any statute, rule, or regulation.

19. The Plaintiff's claims are subject to the requirements of proof and limitations placed on the award of damages under Massachusetts law.

20. The Defendant asserts that neither the Plaintiff nor any purported member of the putative class has suffered any actual damages.

21. The Plaintiff's claims and the claims of the purported members of the putative class are barred in whole or in part because the damages sought by Plaintiff on behalf of the alleged class are too speculative to be permitted and cannot be recovered without specific proof of injury and damage by each putative class member.

22. If any damages have been sustained by the Plaintiff or any purported member of the putative class, although such is not admitted hereby or herein and is specifically denied, the equitable doctrine of setoff and recoupment entitles NaphCare to offset all obligations of the Plaintiff or any purported member of the putative class owed to NaphCare against any judgment that may be entered against NaphCare.

23. NaphCare reserves the right to seek indemnification for any fees and damages related to this matter.

24. To the extent the Complaint seeks equitable relief, such relief is barred by: (i) the existence of an adequate remedy at law, (ii) the lack of irreparable harm to the Plaintiff or any purported member of the putative class, (iii) governing standards of equity and good conscience, and (iv) inequitable conduct by the Plaintiff and the purported members of the putative class. Further, equitable relief is also barred because the resulting harm to NaphCare outweighs any potential harm to the Plaintiff or any purported member of the putative class, the requested equitable relief would impose an undue hardship on NaphCare, and the public interest would not be served by the equitable relief sought.

25. The Plaintiff and the purported members of the putative class cannot meet the prerequisites of Rule 23 for class certification, including, but not limited to, class ascertainability, numerosity, commonality, manageability, similarity, typicality, predominance, superiority, and adequacy of the class representative.

26. The Plaintiff is an inadequate class representative because she has sustained no damages and does not have a viable claim against the Defendant.

27. The Plaintiff is not competent to act as a proper representative of the putative class defined in the Complaint because the Plaintiff's interests and circumstances are not representative of the individuals that the Plaintiff seeks to represent.

28. Class certification is inappropriate as individual issues predominate.

29. The Plaintiff's claims and the claims of the purported members of the putative class are barred in whole or in part because they seek to hold the Defendant liable for their commuting time to work which is contrary to public policy.

30. Certification of a class, as applied to the facts and circumstances of this case, would violate NaphCare's rights under the Constitutions of both the United States and the Commonwealth of Massachusetts, including, but not limited to, its procedural rights, right to trial by jury, and its right to substantive and procedural due process.

31. Upon discovery of sufficient facts, the Defendant reserves the right to raise the defense of after acquired evidence.

## RESERVATION OF RIGHTS

The Defendants hereby reserve the right to file such additional defenses as may become apparent during the course of discovery.

Dated: July 26, 2019

Defendant NaphCare, Inc.

By: _____
Jeffrey A. Dretler
RUBIN AND RUDMAN LLP
53 State Street
Boston, Massachusetts 02109
Telephone: (617) 330-7078
Facsimile: (617) 330-7550
E-mail: jdretler@rubinrudman.com

Kenneth D. Sansom
Motion for admission *Pro Hac Vice* to be filed
Grace L. Kipp
Motion for admission *Pro Hac Vice* to be filed
SPOTSWOOD SANSOM & SANSBURY LLC
1819 Fifth Avenue North
Suite 1050
Birmingham, Alabama 35203
Telephone: (205) 986-3620
Facsimile: (205) 986-3639
E-mail: ksansom@spotswoodllc.com
         gkipp@spotswoodllc.com

Attorneys for NaphCare, Inc.

## CERTIFICATE OF SERVICE

I, Jeffrey A. Dretler, attorney for the Defendant in the above-referenced matter, hereby certify that on this 26th day of July, 2019, I served the within document upon Plaintiff's attorney by sending a copy via electronic mail and First Class Mail, postage prepaid to:

Stephen S. Churchill
Fair Work, P.C.
192 South Street, Suite 450
Boston, MA  02111
steve@fairworklaw.com

_____
Jeffrey A. Dretler

| | | | |
|---|---|---|---|
| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1984CV01961 | Trial Court of Massachusetts The Superior Court | |
| CASE NAME: Eileen Taylor vs. Naphcare Inc | | Michael Joseph Donovan, Clerk of Court | |
| TO: File Copy , | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 | |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**            **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/17/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 10/17/2019 | |
| All motions under MRCP 12, 19, and 20 | 10/17/2019 | 11/18/2019 | 12/16/2019 |
| All motions under MRCP 15 | 10/17/2019 | 11/18/2019 | 12/16/2019 |
| All discovery requests **and depositions** served and non-expert depositions completed | 04/14/2020 | | |
| All motions under MRCP 56 | 05/14/2020 | 06/15/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/13/2020 |
| Case shall be resolved and judgment shall issue by | | | 06/18/2021 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | | PHONE |
|---|---|---|---|
| 06/19/2019 | Steven J Masse | | (617)788-8147 |

Date/Time Printed: 06-19-2019 14:13:42          SCV026\ 08/2018