# COMMONWEALTH OF MASSACHUSETTS
## SUFFOLK COUNTY CIVIL
### Docket Report

### 1984CV01961 Taylor, Eileen vs. Naphcare Inc

| | |
|---|---|
| **CASE TYPE:** Contract / Business Cases | **FILE DATE:** 06/19/2019 |
| **ACTION CODE:** A01 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Services, Labor and Materials | |
| **CASE DISPOSITION DATE:** 11/10/2020 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 11/10/2020 |
| **CASE JUDGE:** | **CASE SESSION:** Civil H |

| PARTIES |
|---|

| | | |
|---|---|---|
| **Plaintiff**<br>Taylor, Eileen | **Attorney**<br>Stephen S Churchill<br>Fair Work, P.C.<br>Fair Work, P.C.<br>192 South St<br>Suite 450<br>Boston, MA 02111<br>Work Phone (617) 607-3260<br>Added Date: 06/19/2019 | **564158** |
| **Defendant**<br>Naphcare Inc | **Attorney**<br>Jeffrey A Dretler<br>Rubin and Rudman LLP<br>Rubin and Rudman LLP<br>53 State St<br>Boston, MA 02109<br>Work Phone (617) 330-7078<br>Added Date: 07/11/2019 | **558953** |
| | **Pro Hac Vice (SJC 3:15)**<br>Kenneth D Sansom<br>Spotswood Sansom & Sansbury LLC<br>505 20th Street North<br>Suite 700<br>Birmingham, AL 35203<br>Home Phone (205) 986-3622<br>Added Date: 01/13/2020 | **3-2339-R70LAL** |
| | **Pro Hac Vice (SJC 3:15)**<br>Grace L Kipp<br>Spotswood Sansom & Sansbury LLC<br>505 20th Street North<br>Suite 700<br>Birmingham, AL 35203<br>Home Phone (205) 986-3630<br>Added Date: 01/13/2020 | **3-2339-R70LAL** |

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 06/19/2019 | | Attorney appearance<br>On this date Stephen S Churchill, Esq. added for Plaintiff Eileen Taylor | |
| 06/19/2019 | | Case assigned to:<br>DCM Track F - Fast Track was added on 06/19/2019 | |
| 06/19/2019 | 1 | Original civil complaint filed. TRK $25000.00 | |
| 06/19/2019 | 2 | Civil action cover sheet filed. | |
| 06/19/2019 | | Demand for jury trial entered. | |
| 07/11/2019 | 3 | Service Returned for<br>Defendant Naphcare Inc: Service accepted by counsel; Affidavit of Acceptance Filed | |
| 07/11/2019 | | Attorney appearance<br>On this date Jeffrey A Dretler, Esq. added for Defendant Naphcare Inc | |
| 07/26/2019 | 4 | Received from<br>Defendant Naphcare Inc: Answer to original complaint; | |
| 12/19/2019 | 5 | Defendant Naphcare Inc's Assented to Motion for<br>Pro Hac Vice admission of Ken Sansom Grace Kipp and Andrew Harris | |
| 01/06/2020 | | Endorsement on Motion for Pro Hac Vice Admission (#5.0): ALLOWED (dated 12/31/19) notice sent 1/3/20 | Locke |
| 01/13/2020 | | Attorney appearance<br>On this date Kenneth D Sansom added as Pro Hac Vice (SJC 3:15) for Defendant Naphcare Inc | |
| 01/13/2020 | | Attorney appearance<br>On this date Andrew R Harris added as Pro Hac Vice (SJC 3:15) for Defendant Naphcare Inc | |
| 01/13/2020 | | Attorney appearance<br>On this date Grace L Kipp added as Pro Hac Vice (SJC 3:15) for Defendant Naphcare Inc | |
| 07/02/2020 | 6 | Defendant Naphcare Inc, Eileen Taylor's Joint Motion to<br>Revise Tracking Order | |
| 07/02/2020 | | Attorney appearance<br>On this date Andrew R Harris dismissed/withdrawn as Pro Hac Vice (SJC 3:15) for Defendant Naphcare Inc | |
| 07/03/2020 | | The following form was generated:<br><br>Notice to Appear for Final Pre-Trial Conference<br>Sent On: 07/03/2020 14:17:38 | |

| | | | |
|---|---|---|---|
| 07/07/2020 | | Endorsement on Motion to Revise Tracking Order (#6.0): ALLOWED after review as follows: All discovery requests will be served and non-expert depositions completed by 9/29/20. Any Rule 56 motions shall be served by 10/28/20 and filed by 12/11/20. The court shall conduct a Final Pre trial Conference on 1/7/21 at 2:00pm. If a Rule 56 motions is filed, it will be hearing on the date set for and in lieu of the Final Pre trial Conference (dated 7/3/20) notice sent 7/6/20 | Krupp |
| 10/21/2020 | 7 | Plaintiff Eileen Taylor's Joint Motion to amend the Tracking Order<br><br>Applies To: Taylor, Eileen (Plaintiff); Naphcare Inc (Defendant) | |
| 10/22/2020 | | Event Result:: Final Pre-Trial Conference scheduled on:<br>        01/07/2021 02:00 PM<br>Has been: Rescheduled      For the following reason: Joint request of partie<br>Hon. Michael D Ricciuti, Presiding | Ricciuti |
| 10/28/2020 | | Endorsement on Motion to Amend the Tracking Order (#7.0): ALLOWED (dated 10/22/20) notice sent 10/26/20 | Ricciuti |
| 11/03/2020 | 8 | Notice of Removal to the United States District Court filed by<br><br>Defendant (US Dist # 20-cv-11970)<br><br>Applies To: Naphcare Inc (Defendant) | |
| 11/10/2020 | | REMOVED to the U.S. District Court of Massachusetts | |
| 11/10/2020 | | Case transferred to another court. | |

I HEREBY ATTEST AND CERTIFY ON

Nov. 12, 2020 ; THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

First Asst. Clerk



COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

SUFFOLK, SS.

EILEEN TAYLOR,
on behalf of herself and all
others similarly situated,

    Plaintiff

v.

NAPHCARE, INC.,

    Defendant

Civil Action No.

*19-1961 H*

**COMPLAINT AND JURY DEMAND**

**Introduction**

1.     This action is brought by an hourly worker of the Defendant, on behalf of herself and all similarly-situated workers, alleging unlawful failure to pay wages in violation of M.G.L. c. 149, § 148. Plaintiff seeks, among other forms of relief, statutory trebling of damages, interest, and attorneys' fees and costs, as provided for by law.

**Parties**

2.     Plaintiff Eileen Taylor is an adult resident of Merrimack, Massachusetts. She was employed by Defendant as a physician assistant at the Essex County Jail & House of Correction in Middleton, Massachusetts from in or around September 2016 until in or around June 2018.

3.     Defendant Naphcare, Inc. is a foreign corporation that has done business and does business in Massachusetts, including in Essex County and Suffolk County, Massachusetts.

## Factual Allegations

4.      Plaintiff worked as a physician assistant for the Defendant. Her assigned work site was the Essex County Jail & House of Correction ("Jail") in Middleton, Massachusetts, where she began working in or around September 2016. Following a medical leave, her contract ultimately was terminated effective June 2018.

5.      Plaintiff and other staff of the Defendant were paid on an hourly basis.

6.      The Defendant's staff generally were assigned to three shifts: the day shift (7:00 a.m. – 3:00 p.m.), the evening shift (3:00 p.m. – 11:00 p.m.), and the night shift (11:00 p.m. – 7:00 a.m.).

7.      When the Defendant's staff arrived at the Jail, which was their prescribed work site, they passed through an initial security check point, and then clocked in at a time clock ("First Time Clock").

8.      The Defendant's staff were required by Naphcare to comply with all rules, regulations, procedures, and directives of the Jail.

9.      After clocking in at the First Time Clock, the Defendant's staff then had to pass through additional "sally ports." Sally ports are control points where Jail staff can monitor and control the flow of people. The sally ports are busy during shift changes, because many people are finishing or beginning their shifts at the same time. In addition, on occasions when there was a safety or security incident – such as a fight – staff might be held at the sally ports until the matter is resolved. As a result, it can take the Defendant's staff around 15-30 minutes, and sometimes longer, to pass through all required sally ports.

10.    When the Defendant's staff arrived at the Jail's infirmary, they clocked in at a separate time clock ("Second Time Clock"), which is when they began to get paid.

11.    The Defendant's staff were required to perform duties throughout the Jail, both in the infirmary and outside the infirmary. Indeed, Plaintiff's duties and responsibilities included, for example, "respond to and initiate care for medical emergencies throughout the facility" and "perform initial and follow-up assessments of patients in a variety of settings, such as initial intake area, healthcare unit for sick call, emergency situations in housing, chronic care clinics, and infirmary."

12.    Under Massachusetts law, "working time" includes, among other things, "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site or at any other location." 454 CMR 27.02.

13.    The Defendant's staff were required to be at the Jail, which is their prescribed work site. They were not paid for all time spent at that site, however, including (a) the time at the beginning of their shift between clocking in at the First Time Clock and clocking in at the Second Time Clock, and (b) the time at the end of their shift between clocking out at the Second Time Clock and clocking out at the First Time Clock. On information and belief, the amount of unpaid working time for each of the Defendant's staff commonly totaled around 20-60 minutes per person per day, and sometimes more.

14.    Plaintiff has filed a complaint with the Massachusetts Attorney General's Office and has received permission to bring this case.

3

**Allegations as to Class**

15.    Plaintiff seeks to certify a class of all hourly staff of the Defendant who worked at the Jail during the relevant limitations period.

16.    On information and belief, the class is so numerous that joinder of all members is impracticable.

17.    Given that the pay practices described above were followed by the Defendant on a regular basis for all hourly staff at the Jail, there are questions of fact and law common to all members of each class.

18.    Plaintiff's claims are typical of the claims of individuals in the class.

19.    Plaintiff and her counsel will fairly and adequately represent the interests of the class. Plaintiff has no known conflicts of interest with other class members. The attorneys representing Plaintiff have litigated and successfully resolved numerous class action cases involving employment claims.

20.    The questions of law or fact common to the members of the class predominate over any questions affecting only individual members. Although the amount of each class member's damages may vary depending on their periods of employment, those damages should be readily ascertainable from available records. As a result, common issues of liability predominate over individualized issues of damages.

21.    A class action is superior to other available methods for the fair and efficient adjudication of these claims. Among other things, individual adjudications would result in a highly inefficient duplication of discovery, briefing of legal issues, and court proceedings.

4

**COUNT I**
FAILURE TO PAY WAGES – MASSACHUSETTS LAW
(Class Action)

As set forth above, Defendant violated M.G.L. c. 149, § 148, by failing to pay on

a timely basis all wages due to Plaintiff and other hourly workers. This is claim is

brought pursuant to M.G.L. c. 149, § 150.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1.      Certification of this case as a class action pursuant to Mass. R. Civ. P. 23;

2.      An award of damages for all wages and other losses to which Plaintiff and
        all class members are entitled, including mandatory treble damages under
        Massachusetts law;

3.      Attorneys' fees, costs, and pre- and post-judgment interest; and

4.      Any other relief to which Plaintiff and all class members may be entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

                                        EILEEN TAYLOR, on behalf of herself and
                                        all others similarly situated,

I HEREBY ATTEST AND CERTIFY ON         By her attorneys,
Nov. 12, 2020          ; THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.                Stephen S. Churchill (BBO#564158)
                                        FAIR WORK, P.C.
     MICHAEL JOSEPH DONOVAN             192 South Street, Suite 450
     CLERK / MAGISTRATE                 Boston, MA 02111
     SUFFOLK SUPERIOR CIVIL COURT       (617) 607-6230
     DEPARTMENT OF THE TRIAL COURT      steve@fairworklaw.com
BY:
     First Asst. Clerk                  John W. Davis (BBO #648399)
                                        Davis & Davis, P.C.
                                        350 Park Street
                                        Park Place South, Ste. 105
                                        North Reading, Massachusetts 01864
                                        (978) 276-0777
                                        jdavis@davisanddavispc.com

Dated: June 19, 2019

5

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 19-1961 H | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): Eileen Taylor | COUNTY |
|---|---|
| ADDRESS: | Suffolk |
| | DEFENDANT(S): Naphcare, Inc. |
| ATTORNEY: Stephen Churchill | |
| ADDRESS: Fair Work, P.C., 192 South Street, Suite 450 Boston, MA 02111 | ADDRESS: |
| BBO: 564158 | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A01 | Services, Labor & Materials | F | ☒ YES   ☐ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................ $
2. Total doctor expenses .......................................................... $
3. Total chiropractic expenses ................................................. $
4. Total physical therapy expenses ......................................... $
5. Total other expenses (describe below) .............................. $
Subtotal (A): $

B. Documented lost wages and compensation to date ..................................................... $
C. Documented property damages to dated ...................................................................... $
D. Reasonably anticipated future medical and hospital expenses ................................... $
E. Reasonably anticipated lost wages .............................................................................. $
F. Other documented items of damages (describe below) ............................................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
This is a claim for unpaid wages and retaliation.

TOTAL: $   $25,000 +

Signature of Attorney/Pro Se Plaintiff: X  _Steph Chi_          Date: 6/19/2019

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X  _Steph Chi_          Date: 6/19/2019

I HEREBY ATTEST AND CERTIFY ON
Nov. 12, 2020 ; THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

First Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                  SUPERIOR COURT DEPARTMENT
                                             OF THE TRIAL COURT

EILEEN TAYLOR,                              )
on behalf of herself and all               )
others similarly situated,                 )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )       Civil Action No. 1984CV01961
                                           )
NAPHCARE, INC.,                            )
                                           )
        Defendant.                         )
                                           )

## AFFIDAVIT OF ACCEPTANCE OF SERVICE

        I, Jeffrey A Dretler, do on oath depose and say as follows:

        1.      I am an attorney at the law firm of Rubin and Rudman LLP, 53 State Street,

Boston, Massachusetts, 02109.

        2.      I am counsel for Defendant NaphCare, Inc. ("NaphCare") in the above-captioned

matter.

        3.      I am authorized to accept service of the Summons and Complaint in this matter on

behalf of NaphCare and do hereby accept such service effective July 6, 2019.

        SIGNED UNDER THE PENALTIES OF PERJURY THIS 6TH DAY OF JULY, 2019.

I HEREBY ATTEST AND CERTIFY ON
Nov. 12, 2020       THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

        First Asst. Clerk

Jeffrey A Dretler, Esq.
BBO No. 558953

2229300_1

## **CERTIFICATE OF SERVICE**

I certify that on this date I served a copy of the foregoing document, by regular mail, on counsel for the Defendant.

Dated: July 9, 2019

Stephen Churchill

4

## COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT DEPARTMENT

SUFFOLK, SS.                                  :
                                             :
EILEEN TAYLOR,                               :
on behalf of herself and all others similarly :
situated,                                    :
                        Plaintiff,           :
                                             :
            v.                               :      CIVIL ACTION NO. 19-1961H
                                             :
NAPHCARE, INC.                               :
                                             :
                        Defendant.           :
                                             :

### ANSWER

Defendant NaphCare, Inc. hereby answers the putative class action complaint filed by

Eileen Taylor.

### Introduction[1]

1.  NaphCare admits that it previously employed Ms. Taylor as an hourly worker, denies

that other hourly workers are similarly situated, and denies that Ms. Taylor has adequately alleged

any claim, cause of action, or entitlement to relief. The allegations of Ms. Taylor's Complaint

otherwise speak for themselves and are responded to below.

### Parties

2.  NaphCare admits that Ms. Taylor was previously employed as a physician assistant

treating patients detained at the Essex County Jail & House of Corrections in Middleton,

Massachusetts ("Jail") from September 19, 2016 until June 2018. Upon information and belief,

NaphCare admits that Ms. Taylor is a citizen of Massachusetts, but NaphCare is without sufficient

---

[1] This and all other headings from the Plaintiffs' Complaint are included here for ease of
reference.

knowledge or information to form a belief about the truth of the allegation in paragraph 2 of Ms. Taylor's town of residence and on that basis denies that allegation. NaphCare denies the remaining allegations of paragraph 2.

3.   NaphCare admits that it is a foreign corporation that has done business in Essex County, Massachusetts and does business in Suffolk County, Massachusetts. NaphCare denies the remaining allegations of paragraph 3.

### Factual Allegations

4.   NaphCare admits that it previously employed Ms. Taylor as a physician assistant treating patients detained at the Jail from September 19, 2016 until June 2018. NaphCare also admits that Ms. Taylor took a medical leave before her employment with NaphCare ended. NaphCare denies the remaining allegations of paragraph 4.

5.   Admitted.

6.   Admitted.

7.   NaphCare admits that the Jail requires everyone entering the facility to pass through an initial security check point. NaphCare further admits that the Jail, not NaphCare, uses a finger print scanner at the initial security check point to record the presence of anyone who regularly enters the facility, which included NaphCare employees. NaphCare denies the remaining allegations of paragraph 7.

8.   NaphCare admits that its employees were subject to Jail policies and procedures while on the Jail premises.

9.   NaphCare admits that the Jail uses sally ports to control and monitor the facility, that its employees had to pass through these sally ports at various times, and that custody officials at the Jail could hold individuals in a sally port if needed for the safety and security of the Jail.

2

NaphCare denies that shift change times for NaphCare employees necessarily corresponded to other shift changes or "busy" shift change times, denies that NaphCare employees were necessarily held at sally ports while safety or security incidents were resolved, and denies that it took 15-30 minutes to pass through sally ports necessarily or characteristically, if ever. NaphCare denies the remaining allegations of paragraph 9.

10. NaphCare admits that when its employees arrived at the Jail's infirmary, they clocked in on a NaphCare computer and began their workday, and that they were paid for time after clocking in on a NaphCare computer. NaphCare denies the remaining allegations of paragraph 10.

11. NaphCare admits the allegations of paragraph 11 only as to the time between when its employees clocked in and clocked out on NaphCare computers. NaphCare denies the remaining allegations of paragraph 11.

12. 454 CMR 27.02 speaks for itself. Therefore, the allegations of paragraph 12 require no response from NaphCare.

13. Denied.

14. NaphCare is without sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 14 and on that basis denies these allegations.

### Allegations as to Class

15. The allegations of paragraph 15 speak for themselves. Therefore, they require no response from NaphCare.

16. Denied.

17. Denied.

18. Denied.

19. NaphCare is without sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 19 and on that basis denies these allegations.

20. Denied.

21. Denied.

**Count I**
Failure to Pay Wages-Massachusetts Law
(Class Action)

NaphCare denies the allegations of the first sentence of the paragraph in the Complaint beginning with "As set forth above . . . ." The second sentence of the paragraph in the Complaint beginning with "As set forth above . . . ." states a conclusion of law to which no response is required, and NaphCare denies that Ms. Taylor has pleaded any proper or adequate claim.

NaphCare denies all factual allegations in the "Wherefore" paragraph, denies that class certification is appropriate, and denies that the Plaintiff or any of the purported members of the putative class are entitled to any relief whatsoever.

**<ins>AFFIRMATIVE OR ADDITIONAL DEFENSES</ins>**

Without conceding that it has any particular burden of pleading, production, or proof, or the jurisdiction of this Court, NaphCare asserts the following additional defenses and reserves the right to raise additional defenses as warranted by further investigation and discovery in this case.

1.     The Plaintiff's claims, and the claims of the purported members of the putative class defined in the Complaint, are barred in whole or in part for failure to state a cause of action upon which relief may be granted.

2.     The Plaintiff's claims and the claims of the purported members of the putative class are barred in whole or in part by the applicable statutes of limitations.

3.     The Plaintiff and/or purported members of the putative class lack standing.

4

4.      Plaintiff's claims and the claims of the purported members of the putative class are barred in whole or in part by the doctrine of *de minimis non curet lex*.

5.      The claims of the Plaintiff and/or purported members of the putative class are barred, in whole or in part, by their failure to take reasonable actions to avoid and/or minimize the harm the Plaintiff and the purported members of the putative class claim to have sustained.

6.      The Plaintiff's claims and the claims of the purported members of the putative class are barred by their failure to exhaust their administrative remedies.

7.      The Plaintiff's claims and the claims of the purported members of the putative class are barred by the doctrines of estoppel, laches, unclean hands, *in pari delictro*, ratification, release, consent, acquiescence, waiver, and other, similar doctrines, or because such claims have been discharged and/or abandoned.

8.      The Plaintiff's claims and the claims of the purported members of the putative class are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, claim preclusions, and/or issue preclusion.

9.      The Plaintiff's claims and the claims of the purported members of the putative class are barred to the extent the Defendant has been unduly prejudiced by their failure to diligently pursue their claims against it.

10.     The Plaintiff's claims and the claims of the purported members of the putative class are barred by the doctrines of accord and satisfaction, estoppel, laches, waiver, setoff, and payment.

11.     The Plaintiff's claims and the claims of the purported members of the putative class are barred in whole or in part because no action of the Defendant proximately caused any injury or damage allegedly suffered by the Plaintiff or any member of the putative class.

12.     The Plaintiff's claims and the claims of the purported members of the putative class are barred in whole or in part because the claimed injuries and damages were not proximately caused by, or did not have any causal connection with, any acts or omissions of the Defendant.

13.     The Plaintiff's claims and the claims of the purported members of the putative class are barred, in whole or in part, as a result of the acts of third parties over whom the Defendant had no control.

14.     The Plaintiff's claims and the claims of the purported members of the putative class are barred in whole or in part as a result of the non-joinder of necessary and indispensable parties. In addition, the Plaintiff's claims and the claims of the purported members of the putative class are barred because said claims seek to impose duties on and/or affect the rights of absent third parties, which is contrary to law and in violation of the Constitutions of the United States and the Commonwealth of Massachusetts.

15.     The Defendant denies that it is liable for any wrongful conduct giving rise to a cause of action in favor of the Plaintiff or any purported member of the putative class.

16.     The Plaintiff's claims and the claims of the purported members of the putative class are barred in their entirety because the alleged injuries, if any, were the result of actions of the Plaintiff, purported members of the putative class, or parties other than NaphCare. In the alternative, to the extent persons or entities other than NaphCare are at least partially at fault with respect to the matters complained of, although no fault of NaphCare or any other person or entity is admitted hereby or herein, any recovery by the Plaintiff or the purported members of the putative class, should be reduced by the proportion of such damages, if any, caused by such other persons or entities.

17.    The Plaintiff's claims and the claims of the purported members of the putative class against the Defendant should be dismissed, in whole or in part, because the Defendant has complied with all applicable statutes and regulations, including M.G. L. c. 149, § 148.

18.    The Plaintiff's claims and the claims of the purported members of the putative class against the Defendant should be dismissed, in whole or in part, because at all times, the Defendant conducted itself with a good faith and reasonable belief, including without limitation reliance on Massachusetts case law, written administrative regulations, orders, rulings, guidelines, approvals, interpretations, practices, enforcement policies of government agencies, and interpretive guidance from the Attorney General, that its actions did not violate any statute, rule, or regulation.

19.    The Plaintiff's claims are subject to the requirements of proof and limitations placed on the award of damages under Massachusetts law.

20.    The Defendant asserts that neither the Plaintiff nor any purported member of the putative class has suffered any actual damages.

21.    The Plaintiff's claims and the claims of the purported members of the putative class are barred in whole or in part because the damages sought by Plaintiff on behalf of the alleged class are too speculative to be permitted and cannot be recovered without specific proof of injury and damage by each putative class member.

22.    If any damages have been sustained by the Plaintiff or any purported member of the putative class, although such is not admitted hereby or herein and is specifically denied, the equitable doctrine of setoff and recoupment entitles NaphCare to offset all obligations of the Plaintiff or any purported member of the putative class owed to NaphCare against any judgment that may be entered against NaphCare.

23.    NaphCare reserves the right to seek indemnification for any fees and damages related to this matter.

24.    To the extent the Complaint seeks equitable relief, such relief is barred by: (i) the existence of an adequate remedy at law, (ii) the lack of irreparable harm to the Plaintiff or any purported member of the putative class, (iii) governing standards of equity and good conscience, and (iv) inequitable conduct by the Plaintiff and the purported members of the putative class. Further, equitable relief is also barred because the resulting harm to NaphCare outweighs any potential harm to the Plaintiff or any purported member of the putative class, the requested equitable relief would impose an undue hardship on NaphCare, and the public interest would not be served by the equitable relief sought.

25.    The Plaintiff and the purported members of the putative class cannot meet the prerequisites of Rule 23 for class certification, including, but not limited to, class ascertainability, numerosity, commonality, manageability, similarity, typicality, predominance, superiority, and adequacy of the class representative.

26.    The Plaintiff is an inadequate class representative because she has sustained no damages and does not have a viable claim against the Defendant.

27.    The Plaintiff is not competent to act as a proper representative of the putative class defined in the Complaint because the Plaintiff's interests and circumstances are not representative of the individuals that the Plaintiff seeks to represent.

28.    Class certification is inappropriate as individual issues predominate.

29.    The Plaintiff's claims and the claims of the purported members of the putative class are barred in whole or in part because they seek to hold the Defendant liable for their commuting time to work which is contrary to public policy.

30. Certification of a class, as applied to the facts and circumstances of this case, would violate NaphCare's rights under the Constitutions of both the United States and the Commonwealth of Massachusetts, including, but not limited to, its procedural rights, right to trial by jury, and its right to substantive and procedural due process.

31. Upon discovery of sufficient facts, the Defendant reserves the right to raise the defense of after acquired evidence.

## <u>RESERVATION OF RIGHTS</u>

The Defendants hereby reserve the right to file such additional defenses as may become apparent during the course of discovery.

Dated: July 26, 2019

Defendant NaphCare, Inc.

By: _____
Jeffrey A. Dretler
RUBIN AND RUDMAN LLP
53 State Street
Boston, Massachusetts 02109
Telephone: (617) 330-7078
Facsimile: (617) 330-7550
E-mail: jdretler@rubinrudman.com

Kenneth D. Sansom
Motion for admission *Pro Hac Vice* to be filed
Grace L. Kipp
Motion for admission *Pro Hac Vice* to be filed
SPOTSWOOD SANSOM & SANSBURY LLC
1819 Fifth Avenue North
Suite 1050
Birmingham, Alabama 35203
Telephone: (205) 986-3620
Facsimile: (205) 986-3639
E-mail: ksansom@spotswoodllc.com
        gkipp@spotswoodllc.com

I HEREBY ATTEST AND CERTIFY ON
Nov. 12, 2020 : THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

9

Attorneys for NaphCare, Inc.

## CERTIFICATE OF SERVICE

I, Jeffrey A. Dretler, attorney for the Defendant in the above-referenced matter, hereby certify that on this 26th day of July, 2019, I served the within document upon Plaintiff's attorney by sending a copy via electronic mail and First Class Mail, postage prepaid to:

Stephen S. Churchill
Fair Work, P.C.
192 South Street, Suite 450
Boston, MA  02111
steve@fairworklaw.com

Jeffrey A. Dretler

10



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

EILEEN TAYLOR,
     on behalf of herself and all others
similarly situated,

     Plaintiff,

v.

NAPHCARE, INC.,

     Defendant.

Civ. A. No. 1984-cv-01961

## ASSENTED TO MOTION FOR PRO HACE VICE
## ADMISSION OF KEN SANSOM, GRACE KIPP AND ANDREW HARRIS

Defendant NaphCare, Inc. ("NaphCare") through its undersigned counsel respectfully

moves, pursuant to G.L. c. 221, § 46A, to admit Ken Sansom, Grace Kipp and Andrew Harris to

practice *pro hac vice* in the above-captioned matter. As grounds for this motion, NaphCare states

as follows:

1.     The undersigned counsel is an attorney with the law firm Rubin and Rudman LLP,

which represents the Defendant NaphCare, Inc. in the above-captioned matter, and is a member in

good standing of the Bar of Massachusetts.

2.     Ken Sansom, Grace Kipp and Andrew Harris are attorneys with the law firm

Spotswood Sansom & Sansbury, LLC in Birmingham, Alabama.

3.     As shown by the Board of Bar Overseers Registration Statements of each of the

aforementioned attorneys Sansom, Kipp and Harris, attached hereto as Exhibits A, B and C,

1

2316842_1

respectively: (i) Mr. Sansom, Ms. Kipp and Mr. Harris are members in good standing in every jurisdiction in which they have been admitted to practice; (ii) they acknowledge that they are subject to discipline by the Massachusetts Supreme Judicial Court and the Board of Bar Overseers; and (3) they have each paid the required *pro hac vice* registration fee to the Board of Bar Overseers.

4.      Attorneys Sansom, Kipp and Harris are familiar with the Massachusetts Rules of Civil Procedure and the Massachusetts Rules of the Superior Court.

5.      The undersigned will serve as co-counsel to NaphCare with Attorneys Sansom, Kipp and Harris in this matter.

6.      The undersigned counsel has conferred with Plaintiff's counsel of record, who has assented to this motion.

WHEREFORE, Defendant NaphCare respectfully request an Order admitting Ken Sansom, Grace Kipp and Andrew Harris to practice in this action *pro hac vice*.

Respectfully submitted,

Defendant NaphCare, Inc.

By: _____

Jeffrey A. Dretler, BBO# 558953
RUBIN AND RUDMAN LLP
53 State Street
Boston, Massachusetts 02109
Telephone: (617) 330-7078
Facsimile: (617) 330-7550
E-mail: jdretler@rubinrudman.com

I HEREBY ATTEST AND CERTIFY ON
Nov. 12, 2020 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE.
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

First Asst. Clerk

## CERTIFICATE OF SERVICE

I, Jeffrey A. Dretler, attorney for Defendant in the above-captioned matter, hereby certify that on the 18th day of December, 2019, I served the within document upon Plaintiff by sending a copy of same via First Class U.S. mail, postage prepaid, and email, to her counsel of record:

Stephen S. Churchill, Esq.
Fair Work P.C.
192 South Street, Suite 450
Boston, MA 02111
steve@fairworklaw.com

John W. Davis, Esq.
Davis & Davis, P.C.
350 Park Street
Park Place South, Ste. 105
North Reading, MA 01864
jdavis@davisanddavispc.com

Jeffrey A. Dretler

3

2316842_1

Please note that ONLY THIS FORM, FILLED OUT ON THE WEBSITE, WILL BE ACCEPTED. Handwritten, annotated, copied, scanned or modified forms will be returned.

*A*

# BOARD OF BAR OVERSEERS

## REGISTRATION STATEMENT FOR *PRO HAC VICE* ATTORNEYS

Attorney name (first MI last, suffix):  **Kenneth D. Sansom**

Email address: **ksansom@spotswoodllc.com**

Complete Business/Mailing Address:

**Kenneth D. Sansom**
**505 20th Street North, Suite 700**
**Birmingham, AL 35203**

<br>

Board of Bar Overseers
Administrative Use Only

Date Received: *12-18-19*

Amount Paid: *$355.00*

Date confirmation mailed: *12-18-19*

<br>

Business phone: **(205) 986-3622**

Court in which pro hac vice admission is sought: **Suffolk County Superior Court**

Contact number for court:  **6177888175**

Party to be represented: **NaphCare, Inc.**

Docket number of case (if available): **1984CV01961**

Jurisdictions to which you have been admitted:  (Use second page for additional jurisdictions.)

| Type | Jurisdiction | License number |
|------|-------------|----------------|
| **State** ▾ | **Alabama** | **ASB-2998-M69K** |
| **Federal** ▾ | **Northern District of Alabama** | **N/A** |
| **Federal** ▾ | **Middle District of Alabama** | **N/A** |
| **Federal** ▾ | **Southern District of Alabama** | **N/A** |
| **Federal** ▾ | **Eastern District of Texas** | **N/A** |
| **Federal** ▾ | **Court of Appeals for the First Circuit** | **N/A** |
| **Federal** ▾ | **Court of Appeals for the Fourth Circuit** | **N/A** |
| **Federal** ▾ | **Court of Appeals for the Sixth Circuit** | **N/A** |
| **Federal** ▾ | **Court of Appeals for the Seventh Circuit** | **N/A** |

RECEIVED
DEC 18 2019
MASSACHUSETTS BOARD OF BAR OVERSEERS
REGISTRATION DEPARTMENT

I certify that (check one): ( ☐ ) the party I am representing in the case for which I am seeking pro hac vice admission is an indigent client, and I understand that no pro hac vice fee is due, or ( ☑ ) I have included the required pro hac vice fee.

Further, I certify, under the pains and penalties of perjury, that I am admitted to practice and in good standing in every jurisdiction where I am admitted, and I acknowledge that I am subject to discipline by the Massachusetts Supreme Judicial Court and the Board of Bar Overseers. I understand I am limited in my legal practice in Massachusetts to the case identified above.

I certify the information I have supplied the Board of Bar Overseers is true and complete.

<br>

**Signature (Please sign inside box above.)**        **Date: 12/12/2019**

Sign, print and mail original form to: Board of Bar Overseers, 99 High Street, 2nd Floor, Boston, MA 02110-2320

Page 2

Jurisdictions continued:

**Kenneth D. Sansom**

| Type | Jurisdiction | License number |
|------|--------------|----------------|
| Federal ▽ | **Court of Appeals for the Ninth Circuit** | N/A |
| Federal ▽ | **Court of Appeals for the Eleventh Circuit** | N/A |
| Federal ▽ | **Court of Appeals for the D.C. Circuit** | N/A |

Please remember to sign and date first page and mail original form to: Board of Bar Overseers, 99 High Street, 2nd Floor, Boston, MA 02110-2320

Please note that ONLY THIS FORM, FILLED OUT ON THE WEBSITE, WILL BE ACCEPTED. Handwritten, annotated, copied, scanned or modified forms will be returned.

# BOARD OF BAR OVERSEERS

## REGISTRATION STATEMENT FOR *PRO HAC VICE* ATTORNEYS

Attorney name (first MI last, suffix):  **Grace L. Kipp**
Email address: **gkipp@spotswoodllc.com**
Complete Business/Mailing Address:

    **Grace L. Kipp**
    **505 20th Street North, Suite 700**
    **Birmingham, AL 35203**

Board of Bar Overseers
Administrative Use Only

Date Received: *12-18-19*

Amount Paid: *$355.00*

Date confirmation mailed: *12-18-19*

Business phone: **(205) 986-3630**

Court in which pro hac vice admission is sought: **Suffolk County Superior Court**

Contact number for court:  **6177888175**

Party to be represented: **NaphCare, Inc.**

Docket number of case (if available): **1984CV01961**

```
R E C E I V E D
DEC 18 2019
MASSACHUSETTS BOARD OF BAR OVERSEERS
REGISTRATION DEPARTMENT
```

Jurisdictions to which you have been admitted:  (Use second page for additional jurisdictions.)

| Type | Jurisdiction | License number |
|---|---|---|
| State ⯆ | **Alabama** | **ASB-2339-R70L** |
| Federal ⯆ | **Northern District of Alabama** | **N/A** |
| Federal ⯆ | **Middle District of Alabama** | **N/A** |
| Federal ⯆ | **Southern District of Alabama** | **N/A** |
| Federal ⯆ | **U.S. Court of Appeals for the Eleventh Circuit** | **N/A** |
| Federal ⯆ | **U.S. Court of Appeals for the Ninth Circuit** | **N/A** |

I certify that (check one): ( ⬐ ) the party I am representing in the case for which I am seeking pro hac vice admission is an indigent client, and I understand that no pro hac vice fee is due, or (☑) I have included the required pro hac vice fee.

Further, I certify, under the pains and penalties of perjury, that I am admitted to practice and in good standing in every jurisdiction where I am admitted, and I acknowledge that I am subject to discipline by the Massachusetts Supreme Judicial Court and the Board of Bar Overseers. I understand I am limited in my legal practice in Massachusetts to the case identified above.

I certify the information I have supplied the Board of Bar Overseers is true and complete.

**Signature** (Please sign inside box above.)                       **Date: 12/10/2019**

Sign, print and mail original form to: Board of Bar Overseers, 99 High Street, 2nd Floor, Boston, MA 02110-2320

Please note that ONLY THIS FORM, FILLED OUT ON THE WEBSITE, WILL BE ACCEPTED. Handwritten, annotated, copied, scanned or modified forms will be returned.

# BOARD OF BAR OVERSEERS

*C*

## REGISTRATION STATEMENT FOR *PRO HAC VICE* ATTORNEYS

Attorney name (first MI last, suffix):  **Andrew R. Harris**

Email address: **rharris@spotswoodllc.com**

Complete Business/Mailing Address:

> **Andrew R. Harris**
> **505 20th Street North, Suite 700**
> **Birmingham, AL 35203**

Board of Bar Overseers
Administrative Use Only

Date Received: *12-18-19*

Amount Paid: *$355.00*

Date confirmation mailed: *12-18-19*

Business phone: **(205) 986-3659**

Court in which pro hac vice admission is sought: **Suffolk County Superior Court**

Contact number for court:  **6177888175**

Party to be represented: **NaphCare, Inc.**

Docket number of case (if available): **1984CV01961**

Jurisdictions to which you have been admitted:  (Use second page for additional jurisdictions.)

| Type | | Jurisdiction | License number |
|---|---|---|---|
| State | ☑ | **Alabama** | **ASB-1624-D29X** |
| Federal | ☑ | **Northern District of Alabama** | **N/A** |
| Federal | ☑ | **Middle District of Alabama** | **N/A** |
| | ☑ | | |
| | ☑ | | |
| | ☑ | | |



RECEIVED
DEC 18 2019
MASSACHUSETTS BOARD OF BAR OVERSEERS
REGISTRATION DEPARTMENT

I certify that (check one): ( ☐ ) the party I am representing in the case for which I am seeking pro hac vice admission is an indigent client, and I understand that no pro hac vice fee is due, or (☑) I have included the required pro hac vice fee.

Further, I certify, under the pains and penalties of perjury, that I am admitted to practice and in good standing in every jurisdiction where I am admitted, and I acknowledge that I am subject to discipline by the Massachusetts Supreme Judicial Court and the Board of Bar Overseers. I understand I am limited in my legal practice in Massachusetts to the case identified above.

I certify the information I have supplied the Board of Bar Overseers is true and complete.

**Signature (Please sign inside box above.)**                    **Date: 12/10/2019**

Sign, print and mail original form to: Board of Bar Overseers, 99 High Street, 2nd Floor, Boston, MA 02110-2320

07·06    Notify    ✓07/00v    6

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

EILEEN TAYLOR,
on behalf of herself and all others similarly situated, )
                                        )
                            Plaintiffs,  )
                                        )
        v.                              )        C.A. No. 1984-cv-01960
                                        )
NaphCare, Inc.,                         )
                                        )
                            Defendant.  )

## JOINT MOTION TO REVISE TRACKING ORDER

Defendant NaphCare, Inc., together with Plaintiff Eileen Taylor, hereby moves that this

Court revise the existing Tracking Order to extend all deadlines by approximately sixty (60) days,

over and above the extension of deadlines provided by the tolling provisions of the Supreme

Judicial Court's Second Updated Order Regarding Court Operations Under The Exigent

Circumstances Created By The Covid-19 (Coronavirus) Pandemic (entered May 26, 2020) ("SJC's

Second Updated Order"). As good cause therefore, the parties submit that the requested extension

of time is necessary for them to complete discovery and file/defend against dispositive motions.

In support hereof, the parties further relate as follows.

### RELEVANT BACKGROUND AND STATUS OF DISCOVERY

Plaintiff Eileen Taylor ("Ms. Taylor") was employed by Defendant NaphCare, Inc.

"NaphCare") as a physician's assistant working at the Essex County Jail & House of Correction

Notice sent
07·06 20
SSC      JCDS    1
EWPC    GLK
JAD     Ans

2421577_1

infirmary in Middleton, Massachusetts. Ms. Taylor filed this case against NaphCare on June 19, 2019, alleging unlawful failure to pay wages in violation of M.G.L. c. 149, § 148.

The parties exchanged written discovery between October and December 2019, with each party issuing and responding to interrogatories and requests for production. Further, in March, 2020, each party issued deposition notices and tentatively scheduled depositions to take place in in late March and April 2020. In light of the COVID-19 pandemic, those depositions have not taken place and have not yet been rescheduled. The parties do not anticipate those depositions occurring before September 2020.

### PROPOSED REVISIONS TO TRACKING ORDER

The original tracking order included a discovery deadline of April 14, 2020 and deadlines for the service and filing of Rule 56 motions of May 14, 2020 and June 15, 2020, respectively. Pursuant to the SJC's Second Updated Order, which provides for the tolling of certain deadlines during the pandemic (see *id.* at ¶ 13), the current deadline for the completion of discovery is July 19, 2020 and the deadlines for the service and filing of Rule 56 motions are August 28, 2020 and September 29, 2020, respectively. In light of the risks and challenges of completing discovery in the midst of the pandemic, the parties anticipate that they will require an additional approximately sixty (60) days beyond the extension of time provided by the tolling provisions of the SJC's Second Updated Order.

The parties have reached an agreement on proposed tracking-order deadlines in order to accommodate a safe and efficient completion of discovery in this case, while taking into account the circumstances surrounding COVID-19 and the likelihood that counsel for parties will need to travel to complete discovery in this case. These new proposed deadlines, laid out below, would extend the now-effective deadlines by approximately two months.

WHEREFORE, the parties respectfully request that this Court order the following:

i. All discovery requests will be served and non-expert depositions completed by September 29, 2020;

ii. Dispositive motions pursuant to Mass. R. Civ. P. 56 will be served no later than October 28, 2020, which shall be filed with the Court no later than December 11, 2020; and

iii. The Court will schedule a pretrial conference by April 16, 2021, and the case shall be resolved and judgment shall issue by December 6, 2021.

Respectfully submitted,                              Respectfully submitted,


*/s/ Stephen D. Churchill*                           */s/ Jeffrey A. Dretler*

Stephen D. Churchill (BBO#433300)        Jeffrey A. Dretler (BBO#558953)
FAIR WORK, P.C.                                       RUBIN AND RUDMAN LLP
192 South Street, Suite 450                       53 State Street
Boston, MA 02111                                     Boston, Massachusetts 02109
(617) 607-6230                                          Telephone: (617) 330-7078
Email: steve@fairworklaw.com               Facsimile: (617) 330-7550
                                                             E-mail: jdretler@rubinrudman.com
John W. Davis (BBO#648399)
David & Davis, P.C.                                    Kenneth D. Sansom
350 Park Street                                         Admitted *Pro Hac Vice*
Park Place South, Ste. 105                        Grace L. Kipp
North Reading, MA 01864                         Admitted *Pro Hac Vice*
(978) 276-0777                                          SPOTSWOOD SANSOM & SANSBURY LLC
Email: jdavis@davisanddavispc.com         505 20th Street North
                                                             Suite 700
                                                             Birmingham, AL 35203
*Attorneys for Eileen Taylor*                      Telephone: (205) 986-3620
                                                             Facsimile: (205) 986-3639
                                                             E-mail: ksansom@spotswoodllc.com
                                                                        gkipp@spotswoodllc.com

*Attorneys for NaphCare, Inc.*

I HEREBY ATTEST AND CERTIFY ON
Nov. 12, 2020          ; THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
First Asst. Clerk

## CERTIFICATE OF SERVICE

I, Jeffrey A. Dretler, attorney for Defendant in the above-captioned matter, hereby certify that the within document was served upon Plaintiff this 30th day of June 2020, by sending a true copy via email to her counsel of record:

Stephen S. Churchill, Esq.
Fair Work P.C.
192 South Street, Suite 450
Boston, MA 02111
steve@fairworklaw.com

John W. Davis, Esq.
Davis & Davis, P.C.
350 Park Street
Park Place South, Ste. 105
North Reading, MA 01864
jdavis@davisanddavispc.com

*/s/ Jeffrey A. Dretler*

Jeffrey A. Dretler

**EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                               OF THE TRIAL COURT

| | |
|---|---|
| EILEEN TAYLOR,<br>on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NaphCare, Inc.,<br><br>Defendant. | C.A. No. 1984-cv-01961 |

**[PROPOSED] ORDER**

After reviewing the Joint Motion to Revise Tracking Order submitted by the parties to the above-captioned action, the motion is ALLOWED. The existing Tracking Order deadlines shall be revised and a pretrial schedule entered as follows:

i.   All discovery requests will be served and non-expert depositions completed by September 29, 2020;

ii.  Dispositive motions pursuant to Mass. R. Civ. P. 56 will be served no later than October 28, 2020, which shall be filed with the Court no later than December 11, 2020; and

iii. The Court will schedule a pretrial conference by April 16, 2021, and the case shall be resolved and judgment shall issue by December 6, 2021.

SO ORDERED.

Dated: _____          _____
                           Associate Justice of the Superior Court

10·23    NOTIFY    ✓10/23

7

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                               OF THE TRIAL COURT

EILEEN TAYLOR,                              )
on behalf of herself and all others similarly situated, )
                                            )
                Plaintiffs,                 )
                                            )
        v.                                  )    C.A. No. 1984-cv-01981
                                            )
NAPHCARE, INC.,                             )
                                            )
                Defendant.                  )

NOTICE SENT
10.26.20
R. & R.
J. A.D.
F. W.
S.S.C.
G.L.K.
K.D.S.

MWO

## JOINT MOTION TO AMEND TRACKING ORDER

Plaintiff Eileen Taylor and Defendant NaphCare, Inc. jointly move that the tracking order
be amended, as more fully set forth below. As grounds for this motion, the parties state as
follows.

1.  Ms. Taylor was employed by Defendant as a physician's assistant working at the Essex
County Jail & House of Correction infirmary in Middleton, Massachusetts. Ms. Taylor filed this
case against NaphCare on June 19, 2019, alleging unlawful failure to pay wages in violation of
M.G.L. c. 149, § 148.

2.  Under the current tracking order, discovery closed on Tuesday, September 29, 2020.

3.  The parties were able to complete both Ms. Taylor's deposition and NaphCare's 30(b)(6)
depositions prior to that deadline.

4.  Due to scheduling complications that Plaintiff represents resulted from the COVID-19
pandemic, however, Plaintiff was not able to complete NaphCare's 30(b)(6) deposition until just
five days before the close of discovery, on Thursday, September 24, 2020. Accordingly, the

ALLOWED.
MORICCION. J
10/22/20

Plaintiff, after conferring with NaphCare, served a motion to extend the tracking order prior to the expiration of that deadline. Thereafter, after conferring further, the parties were able to reach agreement on a joint motion.

5. Accordingly, the parties propose and respectfully request the following amendment to the current tracking order:

    a.  Close of discovery: Wednesday, December 2, 2020.

    b.  Motions for Summary Judgment and Class Certification served: Friday, January 8, 2021.

    c.  Oppositions to Motions for Summary Judgment served: Wednesday, February 3, 2021. NaphCare reserves the right to oppose any summary judgment motion by Plaintiff as premature if a motion for class certification is filed.

    d.  Motions for Summary Judgment filed: Friday, February 19, 2021.

    e.  Any additional discovery reasonably required to fully respond to the Motion for Class Certification (including expert discovery) completed: Wednesday, March 3, 2021.

    f.  Opposition to Motion for Class Certification served: Wednesday, March 10, 2021.

    g.  Motion for Class Certification filed: Friday, April 9, 2021.

6. The parties also request that the Court continue the final pretrial conference or, alternatively, summary judgment hearing currently set for Thursday, January 7, 2021, at 2:00 p.m. and reschedule said hearing at a later date and time that is consistent with this schedule and convenient for the Court.

WHEREFORE, the parties request that the Court enter a commensurate revised tracking order and cancel the hearing currently set for Thursday, January 7, 2021. A proposed order is attached as Exhibit A.

Respectfully submitted,

EILEEN TAYLOR, on behalf of
herself and all others similarly situated,

By her attorneys,

*Steve Churchill* re
Stephen S. Churchill (BBO#564158)
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-6230
steve@fairworklaw.com

John W. Davis (BBO #648399)
Davis & Davis, P.C.
350 Park Street
Park Place South, Ste. 105
North Reading, Massachusetts 01864
(978) 276-0777
jdavis@davisanddavispc.com

NAPHCARE, INC.,

By its attorneys,

*Grace Kipp* /KG
Jeffrey A. Dretler (BBO#558953)
RUBIN AND RUDMAN LLP
53 State Street
Boston, Massachusetts 02109
Telephone: (617) 330-7078
Facsimile: (617) 330-7550
E-mail: jdretler@rubinrudman.com

Kenneth D. Sansom
Admitted *Pro Hac Vice*
Grace L. Kipp
Admitted *Pro Hac Vice*
SPOTSWOOD SANSOM & SANSBURY LLC
505 20th Street North
Suite 700
Birmingham, AL 35203
Telephone: (205) 986-3620
Facsimile: (205) 986-3639
E-mail: ksansom@spotswoodllc.com
gkipp@spotswoodllc.com

I HEREBY ATTEST AND CERTIFY ON
Nov. 12, 2020           THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:

First Asst. Clerk

## CERTIFICATE OF SERVICE

I certify that on this date I served a copy of the foregoing document, by electronic mail, on counsel for all parties.

Dated: October 21, 2020

Steve Churchill /LG
Stephen Churchill

**EXHIBIT A**

### COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

EILEEN TAYLOR,                                             )
on behalf of herself and all others similarly situated, )
                                                          )
                    Plaintiffs,                           )
                                                          )
        v.                                                )        C.A. No. 1984-cv-01961
                                                          )
NaphCare, Inc.,                                           )
                                                          )
                    Defendant.                            )
                                                          )

### [PROPOSED] ORDER

After reviewing the Joint Motion to Amend Tracking Order, the motion is ALLOWED as

follows. The existing Tracking Order deadlines shall be revised and a pretrial schedule entered as

follows:

   i.   All discovery requests will be served and depositions, other than expert
        depositions, shall be completed by Monday, December 2, 2020; and

   ii.  Dispositive motions will be served no later than Friday, January 8, 2021,
        which shall be filed with the Court no later than Friday, February 19, 2021;
        and

   iii. Motions for Class Certification will be served no later than Friday, January 8,
        2021; any additional discovery reasonably required to fully respond to any
        Motion for Class Certification (including expert discovery) will be completed
        no later than Wednesday, March 3, 2021; Oppositions to any Motion for Class
        Certification will be served no later than Wednesday, March 10, 2021; and
        Motions for Class Certification shall be filed with the Court no later than
        Friday, April 9, 2021; and

   iv.  The Court hereby cancels the hearing currently set for Thursday, January 7,
        2021, at 2:00 pm.

SO ORDERED.


Dated: _____                    _____

                                        Associate Justice of the Superior Court

8

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                  SUPERIOR COURT DEPARTMENT
                                             OF THE TRIAL COURT

EILEEN TAYLOR,                               US. Dist # 20-cv-11970
on behalf of herself and all others similarly
situated,
                  Plaintiff,
                                             SUFFOLK SUPERIOR COURT
                                             CIVIL CLERK'S OFFICE
v.                                           C.A. No. 1984-cv-01961
                                             FILED
                                             NOV 03 2020
NAPHCARE, INC.,                              MICHAEL JOSEPH DONOVAN
                  Defendant.                 CLERK OF COURT

## NOTICE OF NOTICE OF REMOVAL

Please take notice that on October 30, 2020, Defendant NaphCare, Inc. filed a Notice of

Removal, a copy of which is attached as Exhibit A, removing the above-captioned civil action to

the United States District Court for the District of Massachusetts under or pursuant to 28 U.S.C

§§ 1441, 1446 and 1331.

Dated: November 2, 2020                      Respectfully submitted,

                                             NAPHCARE, INC.,

                                             By its attorneys,

I HEREBY ATTEST AND CERTIFY ON
Nov. 12, 2020    THAT THE                    /s/ Kenneth D. Sansom
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.                     Kenneth D. Sansom, Admitted *Pro Hac Vice*
                                             Grace L. Kipp, Admitted *Pro Hac Vice*
MICHAEL JOSEPH DONOVAN                       SPOTSWOOD SANSOM & SANSBURY LLC
CLERK / MAGISTRATE                           505 20th Street North
SUFFOLK SUPERIOR CIVIL COURT                 Suite 700
DEPARTMENT OF THE TRIAL COURT                Birmingham, AL 35203
BY:                                          Telephone: (205) 986-3620
First Asst. Clerk                            Facsimile: (205) 986-3639
                                             E-mail: ksansom@spotswoodllc.com
                                                     gkipp@spotswoodllc.com

Jeffrey A. Dretler, BBO# 558953
RUBIN AND RUDMAN LLP
53 State Street
Boston, Massachusetts 02109
Telephone: (617) 330-7078
Facsimile: (617) 330-7550
E-mail: jdretler@rubinrudman.com

## CERTIFICATE OF SERVICE

I, Jeffrey A. Dretler, attorney for Defendant in the above-captioned matter, hereby certify that on the 2d day of November, 2020, I served the within document upon Plaintiff by sending a copy of same via First Class U.S. mail, postage prepaid, and email, to her counsel of record:

Stephen S. Churchill, Esq.
Fair Work P.C.
192 South Street, Suite 450
Boston, MA 02111
steve@fairworklaw.com

John W. Davis, Esq.
Davis & Davis, P.C.
350 Park Street
Park Place South, Ste. 105
North Reading, MA 01864
jdavis@davisanddavispc.com

*/s/ Jeffrey A. Dretler*

Jeffrey A. Dretler

2503159_1

# Exhibit A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

EILEEN TAYLOR,                          :
on behalf of herself and all others similarly   :        CIVIL ACTION NO.
situated,                               :
                                        :
                                        :
                    Plaintiff,          :
                                        :
                                        :        
        v.                              :
                                        :
NAPHCARE, INC.                          :
                                        :
                    Defendant.          :
                                        :

Certified to be a true and
correct copy of the original
Robert M. Farrell, Clerk
U. S. District Court
District of Massachusetts
By: _Christine McDonagh_
        Deputy Clerk

Date:  11/02/2020

## NOTICE OF REMOVAL

Defendant NaphCare, Inc. ("NaphCare") hereby removes this case under or pursuant to 28

U.S.C §§ 1441, 1446, and 1331. As grounds for this removal, NaphCare states as follows:

## BACKGROUND

1.      On April 12, 2019, Plaintiff Eileen Taylor filed a Complaint against NaphCare in

federal court alleging putative class claims under both the FLSA and Massachusetts state law. No.

1:19-cv-10703, ECF 1.

2.      The Complaint alleged "unlawful failure to pay overtime in violation of the Fair

Labor Standards Act ('FLSA'), 29 U.S.C. §§ 201 *et seq.*, and failure to pay wages in violation of

M.G.L. c. 149, § 148." No. 1:19-cv-10703, ECF 1, ¶ 1. The Complaint alleged two causes of

action: one expressly under the FLSA for the alleged unpaid overtime and one under M.G.L. c.

149, §§ 148, 150 for allegedly

> failing to pay on a timely basis all wages due to Plaintiff and other hourly
> workers, including all regular wages and all overtime wages owed under
> Massachusetts or federal law.

No. 1:19-cv-10703, ECF 1, at 5-6.

1

3.      On June 14, 2019, NaphCare moved to dismiss. No. 1:19-cv-10703, ECF 15.

4.      Upon receipt of that motion, Ms. Taylor promptly dismissed her suit, No. 1:19-cv-10703, ECF 20, and refiled in Massachusetts state court on June 19, 2019. The State Court Record is attached as Exhibit 1, and the Service Affidavit is attached as Exhibit 2. The new Complaint she filed alleges a putative class action for failing to pay wages under M.G.L. c. 149, § 148. The new Complaint seeks an award of damages for "all wages and other losses to which Plaintiff and all class members are entitled, including mandatory treble damages under Massachusetts law," attorney's fees, costs, and both pre- and post-judgment interest. Ex. 1, at 5.

5.      In marked contrast to the Complaint that was filed on April 12, 2019 but subsequently withdrawn, the new Complaint is scrubbed of any mention of overtime or rights arising under federal law.

6.      On December 20, 2019, NaphCare served an interrogatory on Plaintiff, attached here as Exhibit 3, stating as follows:

> Identify and describe any and all damages you contend you are entitled to in this case; state the manner in which such amount has been calculated and the specific basis and support for said amount; and identify all documents relating to these alleged damages, including multiple or punitive damages.

7.      On January 31, 2020, Plaintiff served the following response to this interrogatory, which is attached here as Exhibit 4:

> Objection to Interrogatory #4: This interrogatory is unduly burdensome and oppressive. Furthermore, the information is equally available to the Defendant. Notwithstanding said objections and without waving said objections, the Plaintiff provides the below response. Response to Interrogatory #4: As set forth in my complaint, I am seeking to be paid for all working time for which I was not paid (that is, for all working time before and after clocking in at the Second Time Clock), at the appropriate hourly rate. The calculation of damages for all members of the proposed class will be done in the same manner. Once I have the opportunity to complete discovery, I expect to be able to provide a more detailed analysis of damages. The complaint does not seek punitive damages, but it does seek

mandatory treble damages under Massachusetts law; as well as interest at
the statutory rate of 12 percent.

This response likewise makes no mention of overtime or rights arising under federal law, and it
has never been further supplemented by Plaintiff.

8.      On October 1, 2020, in response to a series of requests for supplementation of this
interrogatory response, Plaintiff's counsel sent an email to defense counsel stating, among other
things, the following:

> We've done one set of calculations that assumes that none of the unpaid
> time is payable as overtime, and another set that assumes that all of the
> unpaid time is payable as overtime, so those set low and high boundaries
> with respect to the overtime issue, which we understand is in dispute.
>
> Our basis for including overtime is the line of cases holding that when
> overtime is payable under federal law, the failure to pay that overtime is
> recoverable in a non-payment of wages claim under Mass. Gen. Laws, ch.
> 149, § 148. See, e.g., Devaney v. Zucchini Gold, LLC, 2018 Mass. Super.
> LEXIS 79, *6-7 (Mass. Super. Ct. June 7, 2018) (Ames, J.) ("Because the
> plaintiffs did not receive [FLSA] overtime compensation, there can be no
> genuine dispute that they did not receive all 'wages earned' in a timely
> manner. The defendants, therefore, also violated the Wage Act when they
> failed to pay the plaintiffs in accordance with the FSLA."); Jin Hai Li v.
> Foolun, Inc., 2017 WL 3444681 (Aug. 10, 2017) (Boal, M.J.) ("A failure to
> pay overtime wages under the FLSA is also a violation of the Wage Act.");
> Torrezani v. VIP Auto Detailing, Inc., Civ. A. No. 16-40009, ECF No. 9 at
> p. 2 (D. Mass. Apr. 6, 2016) (Saylor, J.) ("Plaintiffs are correct that recent
> cases from this district allow for recovery under the Wage Act for unpaid
> overtime wages due under federal law."); Guevara-Salgado v. Hayes-
> Meninno, LLC, 125 F. Supp. 3d 379, 389 (D. Mass. 2015) (Dein, M.J.)
> ("Failure to receive timely overtime payments [owed under the FLSA]
> subjects the employer to treble damages plus fees and costs under Mass.
> Gen. Laws ch. 149, § 148 for failure to pay an employee all of the 'wages
> earned by him' within the prescribed period."); Lambirth v. Adv. Auto, Inc.,
> 140 F. Supp. 3d 108 (D. Mass. 2015) (Hillman, J.) (allowing recovery of
> OT owed under FLSA under the MA wage act; "the Wage Act was intended
> to protect an employee's right to timely collect definite earnings. . ."); 
> Carroca v. All Star Enterprises & Collision Ctr., Inc., 2013 WL 3496537
> (D. Mass. July 10, 2013) (Casper, J.) ("Even if the Defendants' argument
> that [the plaintiff] is [exempt from OT as a 'garageman' under M.G.L. c.
> 151, § 1A] is correct, the exemption is not relevant where the plaintiffs are
> *not* alleging a violation of the *state* overtime law, Mass. Gen. L. c. 151 § 1A,

but instead allege a violation under Mass. Gen. L. c. 149 § 148 governing the timing of wage payments due here under *federal* overtime law.").[1]

9.      This case arises under federal law, *see, e.g.*, *Grable & Sons Metal Prods. Inc. v. Derue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that state law claims are removable if they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"), and the October 1, 2020 email is the first document to "provide[]" NaphCare "with sufficient information to easily determine that the matter is removable." *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d. 67, 72 (1st Cir. 2014).[2]

10.      NaphCare therefore now timely removes this case to federal court pursuant to 28 U.S.C. §§ 1441, 1331, and 1446, as this Court has original jurisdiction.


DATED: October 30, 2020.

                                            Defendant NaphCare, Inc.

                                            By: */s/ Kenneth D. Sansom*
                                            Kenneth D. Sansom
                                            *Pro Hac Vice* to be filed
                                            Grace L. Kipp
                                            *Pro Hac Vice* to be filed

---

[1] This email is attached as Exhibit 5. The email was sent following a request by NaphCare for Plaintiff to supplement her response to the damages interrogatory. Plaintiff labeled the email as a confidential settlement communication, but it had not been requested by NaphCare, and there was no confidentiality agreement governing it. Its exhibition here is not for one of the purposes that would run afoul of Federal or Massachusetts Rule of Evidence 408, but NaphCare has nevertheless excluded the spreadsheet attached to the email and redacted it as much as possible to maintain general settlement confidentiality and to avoid unnecessary conflict given the spirit in which it was sent. NaphCare notes that it did not share Plaintiff's stated understanding regarding the existence of an "overtime issue" or dispute.

[2] This case is also removable under the Class Action Fairness Act, subject to satisfaction of the jurisdictional amount, but no event has yet triggered any deadline for removal under that Act in accordance with *Romulus*.

SPOTSWOOD SANSOM & SANSBURY LLC
1819 Fifth Avenue North
Suite 1050
Birmingham, Alabama 35203
Telephone: (205) 986-3620
Facsimile: (205) 986-3639
E-mail: ksansom@spotswoodllc.com
       gkipp@spotswoodllc.com

Jeffrey A. Dretler
RUBIN AND RUDMAN LLP
53 State Street
Boston, Massachusetts 02109
Telephone: (617) 330-7078
Facsimile: (617) 330-7550
E-mail: jdretler@rubinrudman.com

Attorneys for NaphCare, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 30, 2020, a true copy of the above document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties who have appearances as of the time of this filing by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Jeffrey A. Dretler

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                SUPERIOR COURT DEPARTMENT
                                            OF THE TRIAL COURT

EILEEN TAYLOR,
  on behalf of herself and all others similarly
situated,

          Plaintiff,

v.                                          Civ. A. No. 1984-cv-01961

NAPHCARE, INC.,

          Defendant.

## DEFENDANT NAPHCARE, INC.'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Mass. R. Civ. P. 26 and 33, Defendant NaphCare, Inc. requests that the Plaintiff

Eileen Taylor provide sworn answers to the following interrogatories within the time specified by

the Massachusetts Rules of Civil Procedure.

## DEFINITIONS

All definitions set forth in Superior Court Rule 30A are incorporated herein by reference.

In addition, the following definitions shall apply to these Interrogatories.

1.      The term "Plaintiff" or "you" refers to Plaintiff Eileen Taylor and her agents,

servants, representatives, attorneys, and any person acting for or on her behalf.

2.      The term "NaphCare" refers to the Defendant, NaphCare, Inc. and its parents,

subsidiaries, affiliates, agents, servants, representatives, attorneys, and any person acting for or on

its behalf.

2320739_1

3.      The term "Complaint" refers to the Complaint and Jury Demand filed in the above-captioned action on or about June 19, 2019, and any amendments thereto.

4.      The word "person" or "individual" refers to any natural person, or any business, legal or governmental entity or association.

5.      The term "document" is defined to include documents as defined by Mass. R. Civ. P. 34(a), as well as any written, printed, typed, filmed, taped, photocopied, photographic or graphic material of any kind or character, and any recorded material, however produced or reproduced, in your possession or control or known by you to exist.  It includes, without limiting the generality of the foregoing, all writings of any kind, memoranda, correspondence, notes, drawings, graphs, charts, photographs, phone records, tape or video recordings, computer memories or disks, e-mail, text messages, and other data compilations of any kind from which information may be obtained and translated (if necessary) by the respondent through detection devices into reasonably usable form, all other records kept by electronic, photographic or mechanical means and any other tangible things which constitute or contain matters, which are in your possession, custody, or control or know by you to exist.  A draft or a non-identical copy is a separate document within the meaning of this term, including any documents in which notations or other hand-written or added comments have been made.

6.      The term "communication" means the transmittal of information in any form, including, without limitation, all inquiries, discussions, conversations, negotiations, meetings, understandings, letters, e-mails, text-messages, correspondence, memoranda, telegrams, telexes, and telecopies, whether written, electronic, or oral, and regardless of who initiated the transmittal of information.

2

7.     The term "concerning" means referring to, discussing, describing, evidencing, indicating, embodying, constituting, comprising, or otherwise regarding, directly or indirectly, in any way whatsoever.

8.     The term "identify" when referring to a natural person means to give the person's full name, occupation, present or last known place of employment, present or last known job description or title, and present residential address, business address, telephone number and e-mail address.

9.     The term "identify" when referring to a business, legal, or governmental entity or association means to give the entity or association's full name, business address, and principal place of business and, if the entity or association has been identified as having knowledge concerning any facts or information, to identify all representatives of the entity or association who have knowledge concerning those facts or information.

10.     The term "identify" when referring to an oral communication means to give the date of the communication, the place at which the communication occurred, and the medium involved; to identify every person who participated in, heard, or witnessed the communication; to describe each such person's involvement in the communication in as much detail as you can; to describe the substance and content of the communication in as much detail as you can, including what each participant said verbatim or as close to verbatim as possible; and to identify all documents concerning the communication.

11.     When referring to a document, writing, or written communication, the term "identify" means:

    a.     to describe the document, writing, or written communication in as much detail as would be needed to specify the document in a request for production of documents

3

or subpoena duces tecum; to state whether the original or a copy of the document, writing, or written communication is in your possession, custody, or control; to describe the location of the original and any copies of the document, writing, or written communication to the best of your knowledge; and to identify every person who, to the best of your knowledge, has possession of the original or a copy of the document, writing, or written communication; or

      b.    in the alternative, to produce the document, writing, or written communication and to specify unambiguously the interrogatory in response to which it is being produced.

12.    When used in any other context, the term "identify" means to specifically and accurately provide to the best of your knowledge as much information about the subject matter as a reasonably intelligent person would need to locate, describe, distinguish, understand, evaluate or analyze the subject matter.

13.    The term "describe" means to provide as complete a factual summary of the subject matter as you can, chronologically setting forth the substance of any fact, action, occurrence, conduct, event, circumstance, communication, document, or object referred to in the interrogatory.

14.    To the extent necessary to bring within the scope of the interrogatories contained herein any interrogatory that might otherwise be construed to be outside their scope: (a) the word "or" means "and/or;" (b) the word "and" means "and/or;" (c) the word "all" means "any and all;" (d) the word "any" means "any and all;" (e) the singular includes the plural and the plural includes the singular; and (f) masculine pronouns denote the correlative feminine pronouns.

4

## INSTRUCTIONS

1.      Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common and ordinary sense.

2.      If you claim that any information responsive to any of the interrogatories contained herein is privileged or otherwise protected from discovery in whole or in part, then you must identify each person who has knowledge of such information or to whom such information has been communicated, and state with particularity the nature and basis of the claim of privilege in sufficient detail to permit the court to adjudicate the validity of such claim.

3.      If you claim that any of the interrogatories contained herein are objectionable, then you must, separately with respect to each such interrogatory: (a) identify the portion of the interrogatory that you claim is objectionable and state the nature and basis of your objection with sufficient particularity and in sufficient detail to permit the court to adjudicate the validity of the objection; (b) identify any information you have withheld from production pursuant to the objection with sufficient particularity and in sufficient detail to permit the court to determine whether the information withheld falls within the scope of the objection; and (c) provide a sworn answer to so much of the interrogatory as you do not claim is objectionable.

4.      The interrogatories contained herein shall be deemed continuing, and you must supplement your answers as additional responsive information becomes known or available to you, as required by Rule 26(e) of the Massachusetts Rules of Civil Procedure.

5.      In preparing answers to these interrogatories, you shall inquire of all persons within your control who have or may have information to answer the interrogatories.  If you do not inquire of all such persons, identify each and every such person that you did not consult and, as to each, state the reason why you did not consult that person.

5

6.     In answering these interrogatories, any document or communication required to be identified or described may, at your option, be produced for inspection and copying on the day these answers are due to be served at the offices of Rubin and Rudman LLP, 53 State Street, Boston, MA 02109.

**INTERROGATORIES**

## INTERROGATORY NO. 1

Identify the name, residential and business address, telephone number and email address of each and every person, including those people you consulted in preparing the Complaint or your answer to any of these interrogatories, who has knowledge of any facts concerning the allegations in Complaint, including but not limited to any injuries or damages you contend you suffered, and for each such person, describe the facts possessed by the person.

## INTERROGATORY NO. 2

Identify and describe all communications that you had with NaphCare (including its officers, employees, contractors or others acting on its behalf) or any third party (other than those communications protected by the attorney-client privilege) concerning your pay or any of the allegations in the Complaint.

## INTERROGATORY NO. 3

Identify each expert witness who you intend to call at trial and, with respect to each such expert witness, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.

2320739_1

**INTERROGATORY NO. 4**

Identify and describe any and all damages you contend you are entitled to in this case; state the manner in which such amount has been calculated and the specific basis and support for said amount; and identify all documents relating to these alleged damages, including multiple or punitive damages.

**INTERROGATORY NO. 5**

Identify and describe all litigation and/or administrative proceedings to which you have been a party in the past ten years.

**INTERROGATORY NO. 6**

Identify each and every position of employment that you have held in the past fifteen years, including for each position the dates you held the positions, a description of your duties, and your reason for leaving each position.

**INTERROGATORY NO. 7**

For each and every day of your employment with NaphCare, identify the amount of time, if any, that you spent between scanning in at the Jail's security checkpoint (i.e., what the Complaint refers to as the "First Time Clock") and clocking into work (i.e., at what the Complaint refers to as the "Second Time Clock") and the amount of time, if any, that you spent between clocking out of work and scanning out at the Jail's security checkpoint. Please be specific in your response as to how much time, if any, you spent on each particular day, correlating the hours to a particular calendar day (i.e., X hours on February __; Y hours on April ___, etc.) rather than using generalities.

2320739_1

**INTERROGATORY NO. 8**

State your pre-filing basis for your position that there are other members of the proposed

class and state the basis for your position that class certification is warranted in this case.

Respectfully submitted,

Defendant NaphCare, Inc.

By:

Jeffrey A. Dretler
RUBIN AND RUDMAN LLP
53 State Street
Boston, Massachusetts 02109
Telephone: (617) 330-7078
Facsimile: (617) 330-7550
E-mail: jdretler@rubinrudman.com

Kenneth D. Sansom
Motion for admission *Pro Hac Vice* to be filed
Grace L. Kipp
Motion for admission *Pro Hac Vice* to be filed
Reid Harris
Motion for admission *Pro Hac Vice* to be filed
SPOTSWOOD SANSOM & SANSBURY LLC
505 20th Street North
Suite 700
Birmingham, AL 35203
Telephone: (205) 986-3620
Facsimile: (205) 986-3639
E-mail: ksansom@spotswoodllc.com
        gkipp@spotswoodllc.com
        rharris@spotswoodllc.com

Attorneys for NaphCare, Inc

8

## CERTIFICATE OF SERVICE

I, Jeffrey A. Dretler, attorney for Defendant in the above-captioned matter, hereby certify that on the 20th day of December, 2019, I served the within document upon Plaintiff by sending a copy of same via First Class U.S. mail, postage prepaid, and email, to her counsel of record:

Stephen S. Churchill, Esq.
Fair Work P.C.
192 South Street, Suite 450
Boston, MA 02111
steve@fairworklaw.com

John W. Davis, Esq.
Davis & Davis, P.C.
350 Park Street
Park Place South, Ste. 105
North Reading, MA 01864
jdavis@davisanddavispc.com

_____
Jeffrey A. Dretler

9

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

SUFFOLK, SS.                                    Civil Action No. 1984CV01961

EILEEN TAYLOR,                        )
on behalf of herself and all          )
others similarly situated,            )
                                      )
            Plaintiff                 )
                                      )
v.                                    )
                                      )
NAPHCARE, INC.,                       )
                                      )
            Defendant                 )

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1

Identify the name, residential and business address, telephone number and email address of each and every person, including those people you consulted in preparing the Complaint or your answer to any of these interrogatories, who has knowledge of any facts concerning the allegations in Complaint, including but not limited to any injuries or damages you contend you suffered, and for each such person, describe the facts possessed by the person.

Response to Interrogatory #1:  Other than my legal counsel, I did not consult with anyone in preparing the Complaint or the responses to interrogatories.

### INTERROGATORY NO. 2

Identify and describe all communications that you had with NaphCare (including its officers, employees, contractors or others acting on its behalf) or any third party

(other than those communications protected by the attorney-client privilege) concerning your pay or any of the allegations in the Complaint.

Objection to Interrogatory #2:  This interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections and without waiving said objections, the Plaintiff provides the below response.

Response to Interrogatory #2:  I recall speaking with Nancy (last name unknown), a Registered Nurse, and Karen Sindoni, the HSA, regarding concerns that NaphCare was not paying employees properly.  This was not a meeting, but an impromptu conversation. I expressed frustration that I could not clock in before I arrived at the infirmary.  I was concerned that I was being shorted in my earnings, and secondly, I would not be entitled to Worker's Comp if I got hurt before I clocked in to the NaphCare terminal as opposed to the Jail's terminal.  I would estimate that this conversation took place in or about January 2017.  My boss, Sindoni, looked at me and said words to the effect of me to 'drop it' and 'don't start any trouble'.  One of the LPNs, Dan Cluff, also would occasionally express frustration that we were not being paid properly, but I do not recall the dates of these off-hand comments.  On numerous occasions, I asked Ms. Sindoni for a key.  Some of the other employees, such as Doctor Laura Quimby, Chinyere Jolaoso, Sang Robbins and Hall had keys.  Ms. Sindoni said that the Sheriff was very strict about keys and that I would just have to accept the fact that I did not have my own key.  To the extent I had any written communications with Naphcare, those communications speak for themselves.

2

## INTERROGATORY NO. 3

Identify each expert witness who you intend to call at trial and, with respect to each such expert witness, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.

Response to Interrogatory #3:  The Plaintiff has not yet determined if she will call an expert witness.  The Plaintiff will supplement this interrogatory in a timely manner.

## INTERROGATORY NO. 4

Identify and describe any and all damages you contend you are entitled to in this case; state the manner in which such amount has been calculated and the specific basis and support for said amount; and identify all documents relating to these alleged damages, including multiple or punitive damages.

Objection to Interrogatory #4:  This interrogatory is unduly burdensome and oppressive. Furthermore, the information is equally available to the Defendant.  Notwithstanding said objections and without waving said objections, the Plaintiff provides the below response.

Response to Interrogatory #4:  As set forth in my complaint, I am seeking to be paid for all working time for which I was not paid (that is, for all working time before and after clocking in at the Second Time Clock), at the appropriate hourly rate. The calculation of damages for all members of the proposed class will be done in the same manner.  Once I have the opportunity to complete discovery, I expect to be able to provide a more detailed analysis of damages. The complaint does not seek punitive damages, but it does

3

seek mandatory treble damages under Massachusetts law, as well as interest at the

statutory rate of 12 percent.

## INTERROGATORY NO. 5

Identify and describe all litigation and/or administrative proceedings to which

you have been a party in the past ten years.

Objection to Interrogatory #5: This interrogatory is irrelevant and not reasonably

calculated to lead to the discovery or admissible evidence. Notwithstanding said

objections and without waving said objections, the Plaintiff provides the below response.

Response to Interrogatory #5: In or about 2014, I had a Worker's Comp claim when I

worked at Northeast Urologic in North Andover. I filed another Worker's Comp while

working for the Defendant for an injury to my shoulder and lower back that occurred on

or about August 17, 2017. I had my right rotator cuff repaired on October 30, 2017,

which was not successful, so I had another surgical procedure on May 17, 2018. I filed a

MCAD Charge of Discrimination *pro se* against the Respondent, which I voluntarily

dismissed. I was also brought to small claims court in Newburyport last year because of

an overdue bill.

## INTERROGATORY NO. 6

Identify each and every position of employment that you have held in the past

fifteen years, including for each position the dates you held the positions, a description

of your duties, and your reason for leaving each position.

4

Objection to Interrogatory #5:  The Plaintiff objects on the basis that the information

requested is irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence.  Notwithstanding said objections and without waving said

objections, the Plaintiff provides the below response.

Response to Interrogatory #6:  Please see my resume, attached hereto.

### INTERROGATORY NO. 7

For each and every day of your employment with NaphCare, identify the amount

of time, if any, that you spent between scanning in at the Jail's security checkpoint (i.e.,

what the Complaint refers to as the "First Time Clock") and clocking into work (i.e., at

what the Complaint refers to as the "Second Time Clock") and the amount of time, if any,

that you spent between clocking out of work and scanning out at the Jail's security

checkpoint.  Please be specific in your response as to how much time, if any, you spent

on each particular day, correlating the hours to a particular calendar day (i.e., X hours on

February __; Y hours on April ___, etc.) rather than using generalities.

Objection to Interrogatory #7:  The Plaintiff objects on the basis that the information

requested is unduly burdensome and oppressive.  Prior to obtaining all relevant records,

the Plaintiff cannot be expected to recall the exact time that she arrived to work for each

shift for the approximate one year of her employment, nor the exact amount of time that

it took her to travel from the lobby of the jail to the infirmary, or the reverse at the end

of her shift.  Notwithstanding said objections and without waving said objections, the

Plaintiff provides the below response.

5

Objection to Interrogatory #7: The Plaintiff objects on the basis that it is premature for

her to provide the information requested (as to the basis for class certification) because

discovery is ongoing. The Plaintiff further objects on the grounds that the pre-filing basis

for her position that there are other members of the proposed class is irrelevant.

Notwithstanding said objections and without waiving said objections, the Plaintiff

provides the below response.

Response to Interrogatory #7: It would typically take me about 20 minutes on days that I

had a key and approximately 30 minutes on days that I did not have a key to get from the

First Time Clock in the lobby of the jail to the Second Time Clock at the Infirmary. Upon

arriving at the lobby of the jail for a shift changes, there were dozens of employees

starting a shift and leaving at the end of the shift. I would typically arrive to the jail

between 6:00 a.m. – 6:15 a.m. for a 7:00 a.m. shift. Upon arrival in the lobby, after

waiting my turn in line, I would remove certain articles of clothing and other belongings

(i.e., cell phone, lunch, etc.), which went through a scanner, and then I would walk

through the metal detector and security would pass a wand over my body. From there, I

would stand in line waiting my turn to enter my pin number into the single computer

terminal. I would then walk to the sallyport. Central Command would wait until there

was a certain number of employees to open the door. Thus, on some days, I would enter

the sallyport without a wait, but I still had to wait for the sallyport to fill up with other

employees before the first door closed and the second door opened. This process of

going through security and entering and leaving the first sallyport would take

approximately 10 minutes. While in the sallyport, I would punch in a 4 digit code that

6

opened access into a locked container that would contain keys that would open various doors as I proceed to the infirmary. Approximately ninety percent (90%) of the time, there was no key for me to use. On those occasions in which I did have a key, which were typically days that a co-worker, Janice Hall, was not working, I would walk through the yard and into another sallyport to gain access to another building, which could take anywhere from 5-10 minutes. Then I walked to a locked exterior door and I would again wait for Central Command to unlock the door. Even though there was a button to notify Central Command that I was waiting, I did not 'buzz' because I was discouraged from pushing the button during the morning shift change. In fact, I learned that pushing the button would result in an even longer wait time. From there I would walk across another open yard and use my key to gain access to another building and then I would walk upstairs and open another locked door to gain access to the infirmary. I would wait for access to one of the two terminals, which varied in duration because the night shift employees would be entering orders for inmates medical care and/or entering details in reports for the night shift. When I did not have a key, after walking through the yard, I could not gain access to the stairwell at the next building to get to the 2nd floor. Instead, I had to walk to an elevator, and when I arrived at the elevator, which was controlled remotely, I would have to wait approximately 5 minutes because the COs on duty had to coordinate the timing of the elevator to ensure that I was not taking the elevator with any prisoners, who used the elevator to deliver food and/or gain access to the infirmary. After getting off the elevator, I would be in a room adjacent to the infirmary, which was essentially a waiting room for patients. On occasion, there would be a CO sitting at a

7

desk watching prisoners in the waiting room, so on these occasions, the CO would let me in right away. If there was no CO in the waiting room, I had to wait. There is no buzzer on this door into the infirmary; there was a window and when I saw a CO, I would knock on the glass to get the CO's attention to open the door. I would then proceed to the terminals to clock in.

### INTERROGATORY NO. 8

State your pre-filing basis for your position that there are other members of the proposed class and state the basis for your position that class certification is warranted in this case.

Objection to Interrogatory #8: The Plaintiff objects on the basis that it is premature for her to provide the information requested (as to the basis for class certification) because discovery is ongoing. The Plaintiff further objects on the grounds that the pre-filing basis for her position that there are other members of the proposed class is irrelevant. Notwithstanding said objections and without waiving said objections, the Plaintiff provides the below response.

Response to Interrogatory #8: Based upon my observations, there were dozens of hourly employees of Naphcare that were required to go through the same process of having to clock in to the jail and then clock in a second time at the infirmary, and it is reasonable to conclude that all of those employees were subject to the same pay policies. The general basis for my contention that class certification is warranted is set forth in my complaint. I expect to obtain further information in support of that contention during discovery.

8

EILEEN TAYLOR, on behalf of herself and all others similarly situated,

By her attorneys,

*Steven S. Churchill* /em

Stephen S. Churchill (BBO#564158)
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-6230
steve@fairworklaw.com

*John W. Davis* /em

John W. Davis (BBO #648399)
Davis & Davis, P.C.
350 Park Street
Park Place South, Ste. 105
North Reading, Massachusetts 01864
(978) 276-0777
jdavis@davisanddavispc.com

Dated: January 31, 2020

9

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the foregoing document, by regular mail, on counsel for the Defendant.

Dated: January 31, 2020

John W. Davis

Eileen Taylor, MPAS, PA-C
PO Box 09
5 Thorndike Ave
Merrimac, MA
Cell: 978-697-3424
Email: eltpac@gmail.com

**OBJECTIVE:**

A compassionate, experienced, goal oriented physician assistant, seeks position with opportunity to grow.

**EDUCATION:**

**Massachusetts College of Pharmacy and Health Sciences,** Manchester, NH
Master in Physician Assistant Studies                                                           December 2009

**University of Massachusetts,** Lowell, MA                                           December 2007
Bachelor of Science: Exercise Physiology; Summa Cum Laude
                                   Minor: Nutrition

**LICENSES:**

Board of Registration of Physician Assistants, State of Massachusetts- 2010 to present
Board of Registration of Physician Assistants, State of Maine- 2011 to present
State of Massachusetts, DEA, Mass. Controlled Substance- 2010 to present
State of Maine- DEA, 2010 to present

**PROFESSIONAL EXPERIENCE:**

**General Surgery Physician Assistant: April 2016 to May 2016 (Locum-Tenen)**
**MetroWest Medical Center, Framingham, MA.**
Supported the physicians in providing high quality inpatient care. Responsibilities included initial patient evaluations for patients admitted to the surgical service including detailed history gathering and physical examination, acquisition of accurate medication lists, and review of initial data.

**Urology Physician Assistant: September 2013 to March 2015 :**
**Northeast Urologic Surgery, North Andover, MA.**
Responsibilities included performing a variety of duties in the evaluation, diagnosis and management of assigned patients. Provided preventative, pre-operative and post-operative care including post-operative pain management.
Clinical Duties: Installation and management of chemotherapy agents including but not limited to BCG, Valstar. In addition to General Urology, specialized in the treatment of complex sexual dysfunction in men and women including the evaluation and treatment of male infertility and interstitial cystitis. Treatment plans include management of testosterone, oral ED agents, injectables, instillation of appropriate agents ( IC) and post operative follow up care. Inpatient rounding and consultation as needed.

**Orthopaedic Physician Assistant: February 2013 to May 2013 :**
**Newton Wellesley Hospital, Newton, MA**
Surgical first assist to all total joint cases including total hip and knee arthroplasty.
Supported the physicians in providing high quality inpatient care. Responsibilities included initial patient evaluations for patients admitted to the orthopedic service including detailed history gathering and physical examination, acquisition of accurate medication lists, and review of initial data. Medical consultation to other inpatient services also provided as needed.. Other aspects of

care included: coordination of treatment plan elements, daily patient assessment, documentation of patient progress, and assisting physicians with performance of bedside procedures. Provide appropriate psychological, emotional and informational support to patients and their families.
Helped to prepare and review discharge instructions with patient and family members and communicated with patient's primary care physician at hospital discharge.

**Orthopaedic Physician Assistant: September 2011 to January 2013 :**
**Pen-Bay Orthopaedics, Rockport, Maine.**
Surgical Duties: include first assist with regard to all aspects of general orthopaedic cases. Sports medicine cases including ACL reconstruction, rotator cuff repair and SLAP repair. Joint replacements include both total hip and knee arthroplasty. First assist with hand surgeon including but not limited to ORIF wrist fracture, closed reductions and trauma cases. Management of pre and post operative pain management as well ongoing pain management of chronic conditions. In patient rounding on all orthopaedic patients, orthopaedic consultations, assessing and interpreting test results, MRI, plain radiographs and ordering appropriate treatment plans, including consultation.
Clinic Duties: include peri-operative history and physicals. Postoperative care and evaluating new patients. Evaluating MRI, plain radiographs and CT scans. Aspiration of large joints and submitting appropriate labs; interpreting results and ordering appropriate treatment plans.
Call Duties:Surgical assist, emergency room and inpatient consults. Fielding incoming patient calls; with appropriate management of care.

**Orthopaedic Physician Assistant: July 2010 to September 2011 - Boston Medical Center, Boston MA.** Sports Medicine Physician Assistant.
Gained expertise as surgical first, second assist in sports medicine, including ACL reconstruction with both allograft/ autograft BTB, Autologous Chondrocyte Implantation, OATS procedure and Rotator Cuff Repair. Obtain detailed history and physical examinations on assigned orthopedic patients; assess and treat acute / chronic orthopedic problems and provide direct patient care to orthopedic patients. Documented work according to policy.
Provide pre-op and post-operative care for all orthopedic patients. Concentration on proper pain management. Duties also included the writing and proper documentation of all appropriate orders, and providing health education to patients and families. Evaluate & Manage patients effectively, managing up to 20 patients a day. Duties include: prescribing and ordering therapies, medications, labs, evaluating MRI and radiographs.
Injections included large joint intra-articular injections and aspirations. At the end of each day dictate all patient encounters & completed paperwork including Workers Compensation, FMLA, Long and Short Term Disability forms.

**Endoscopy Technician: December 2006- December 2007 Beverly Hospital, Beverly, MA:** Department of Gastroenterology: Duties included setting up and assisting with a variety of endoscopy procedures including ERCP, gastroendoscopy and colonoscopy. Assisted in banding, biopsy and esophageal dilatation.

**Certified Personal Trainer: (NSCA-CPT): July 1998 – December 2006 Gold's Gym, Salisbury, MA:**
Duties included: developing effective and comprehensive exercise/ nutrition programs for all levels of fitness. Therapeutic and rehabilitative exercise prescription for clients involved in sports injuries, cardiac rehabilitation programs. Body compositions were evaluated and managed. Involved in the preparation of health, fitness and nutrition courses, clinics and lectures.

**VOLUNTEER EXPERIENCE:**
PT Clinic Beverly Hospital: April/May 2006
Endoscopy Clinic Beverly Hospital September/November 2006
Head Start Program August 5, 2008
**MEMBERSHIPS/CERTIFICATIONS/AWARDS:**
*Commonwealth of Massachusetts Board of Registration of Physician Assistants (PA 3977)*
*National Commission on Certification of Physician Assistants (NCCPA) (1091433)*
*American Academy of Physician Assistants (AAPA)*
*Massachusetts College of Pharmacy and Health Sciences Advisory Board*
*Jeanne Geiger Crisis Center Board of Directors 2008*
*National Strength and Conditioning Association Certified Personal Trainer (NSCA-CPT)*
*National Strength and Conditioning Association (NSCA)*
*American College Sports Medicine (ACSM)*
*Basic Life Support (BLS, CPR & AED),OSHA/HIPPA*

From: Steve Churchill [mailto:steve@fairworklaw.com]
Sent: Thursday, October 01, 2020 11:58 AM
To: Grace Kipp <gkipp@spotswoodllc.com>
Cc: John Davis <jdavis@davisanddavispc.com>; Ken Sansom <ksansom@spotswoodllc.com>;
Jeffrey A.
Dretler <JDretler@rubinrudman.com>
Subject: Re: Taylor v. NaphCare

CONFIDENTIAL SETTLEMENT COMMUNICATION

We are continuing to evaluate that. For now, I'm attaching a spreadsheet that shows



We've done one set of calculations that assumes that none of the unpaid time is payable as
overtime, and another set that assumes that all of the unpaid time is payable as overtime, so those
set low and high boundaries with respect to the overtime issue, which we understand is in
dispute.

Our basis for including overtime is the line of cases holding that when overtime is payable under
federal law, the failure to pay that overtime is recoverable in a non-payment of wages claim
under Mass. Gen. Laws, ch. 149, § 148. See, e.g., Devaney v. Zucchini Gold, LLC, 2018 Mass.
Super. LEXIS 79, *6-7 (Mass. Super. Ct. June 7, 2018) (Ames, J.) ("Because the plaintiffs did
not receive [FLSA] overtime compensation, there can be no genuine dispute that they did not
receive all 'wages earned' in a timely manner. The defendants, therefore, also violated the Wage
Act when they failed to pay the plaintiffs in accordance with the FSLA."); Jin Hai Li v. Foolun,
Inc., 2017 WL 3444681 (Aug. 10, 2017) (Boal, M.J.) ("A failure to pay overtime wages under
the FLSA is also a violation of the Wage Act."); Torrezani v. VIP Auto Detailing, Inc., Civ. A.
No. 16-40009, ECF No. 9 at p. 2 (D. Mass. Apr. 6, 2016) (Saylor, J.) ("Plaintiffs are correct that
recent cases from this district allow for recovery under the Wage Act for unpaid overtime wages
due under federal law."); Guevara-Salgado v. Hayes-Meninno, LLC, 125 F. Supp. 3d 379, 389
(D. Mass. 2015) (Dein, M.J.) ("Failure to receive timely overtime payments [owed under the
FLSA] subjects the employer to treble damages plus fees and costs under Mass. Gen. Laws ch.
149, § 148 for failure to pay an employee all of the 'wages earned by him' within the prescribed
period."); Lambirth v. Adv. Auto, Inc., 140 F. Supp. 3d 108 (D. Mass. 2015) (Hillman, J.)
(allowing recovery of OT owed under FLSA under the MA wage act; "the Wage Act was
intended to protect an employee's right to timely collect definite earnings. . ."); Carroca v. All
Star Enterprises & Collision Ctr., Inc., 2013 WL 3496537 (D. Mass. July 10, 2013) (Casper, J.)
("Even if the Defendants' argument that [the plaintiff] is [exempt from OT as a 'garageman'
under M.G.L. c. 151, § 1A] is correct, the exemption is not relevant where the plaintiffs are *not*
alleging a violation of the *state* overtime law, Mass. Gen. L. c. 151 § 1A, but instead allege a
violation under Mass. Gen. L. c. 149 § 148 governing the timing of wage payments due here
under *federal* overtime law.").



Steve

Steve Churchill
Fair Work, P.C.
192 South Street, Suite 450
Boston, MA 02111
T 617.607.3262
F 617.488.2261
steve@fairworklaw.com
www.fairworklaw.com


From: Grace Kipp <gkipp@spotswoodllc.com>
Date: Thursday, October 1, 2020 at 11:55 AM
To: Steve Churchill <steve@fairworklaw.com>, John Davis <jdavis@davisanddavispc.com>
Cc: Ken Sansom <ksansom@spotswoodllc.com>, "Jeffrey A. Dretler"
<JDretler@rubinrudman.com>
Subject: RE: Taylor v. NaphCare

Thanks, Steve.  Received.  Were you also planning to supplement your response to ROG 4 re:
damages?

Grace L. Kipp
Spotswood Sansom & Sansbury LLC
505 20th Street North
Suite 700
Birmingham, AL 35203
Direct:  (205) 986-3630
Main:  (205) 986-3620
Fax: (205) 986-3639
Email: gkipp@spotswoodllc.com
www.spotswoodllc.com

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

Case 1:20-cv-11970  Document 1-6  Filed 10/30/20  Page 1 of 2

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Eileen Taylor | NaphCare, Inc. |

**(b)** County of Residence of First Listed Plaintiff   Essex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Jefferson County, Alabama
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen S. Churchill, Fair Work, P.C., 192 South Street, Suite 450, Boston, MA 02111, (617) 607-6230

Attorneys *(If Known)*
Jeffrey A. Dretler, Rubin and Rudman LLP, 53 State Street, Boston, MA 02109, (205) 986-3620

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel &   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander   Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine   Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product   Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | |
| ☐ 195 Contract Product Liability | Product Liability   ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal   Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | Injury   ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury -   Product Liability | Leave Act | | ☐ 895 Freedom of Information |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | | |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other   ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee -   Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC sections 201 et seq.

Brief description of cause:
Alleged failure to pay certain wages

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE Saylor    DOCKET NUMBER 19-CV-10703-FDS

DATE
10/07/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jeffrey A. Dretler

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **Title of case (name of first party on each side only)** Eileen Taylor v. NaphCare, Inc.

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).**

    ☐  I.    160, 400, 410, 441, 535, 830*, 835*, 850, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐  II.   110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

    ☑  III.  120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

    *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. **Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

    Eileen Taylor v. NaphCare, Inc., No. 19-10703

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

    YES ☑    NO ☐

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)**

    YES ☐    NO ☑

    **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**

    YES ☐    NO ☑

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

    YES ☐    NO ☑

7. **Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**

    YES ☑    NO ☐

    A.  **If yes, in which division do all of the non-governmental parties reside?**

    Eastern Division ☑    Central Division ☐    Western Division ☐

    B.  **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**

    Eastern Division ☐    Central Division ☐    Western Division ☐

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)**

    YES ☐    NO ☑

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** Jeffrey A. Dretler
**ADDRESS** 53 State St., Boston, MA 02109
**TELEPHONE NO.** (617) 330-7078

(CategoryForm1-2019.wpd )